Jones vs. Parker.

---

JOSEPH T. JONES, plaintiff in error, vs. WILLIAM C. PARKER, defendant in error.

1. A levy on land made in 1869, had not become too stale to be enforced in 1875, especially where an issue of illegality or a claim had been pending during most of the intermediate time.

2. Land of the intestate is fully administered when the same is turned over, *bona fide*, by the administrator to the sole heir-at-law on final settlement. A judgment thereafter obtained by a creditor against the administrator, on a debt of the intestate, has no direct lien upon the land and cannot be enforced against it by levy and sale, without further proceedings.

3. Such judgment does not acquire a lien by reason of a decree in equity rendered upon a bill filed by the administrator against the heir, to which the creditor was no party—the decree finding the land subject to the payment of the creditor's debt and directing a sale for that purpose. The effect of the decree was to declare the land subject in equity, and to order it sold, not under the judgment but under the decree.

4. What can be reached by mere levy and sale under an ordinary judgment of a court of law, depends in no way upon the equitable powers of that court. When those powers are invoked, especially by the plaintiff or moving party, there must be proper pleadings, either in place of, or in addition to, the ordinary pleadings and process of the court. A court of law has no more power to administer equitable remedies without equitable rights are alleged, than has a court of equity. In either court, the right sought to be enforced must be fully, plainly and distinctly set forth.

5. A creditor can follow assets into the hands of a distributee, with proper pleadings for that purpose, as well in a court of law as in a court of equity, but if he elect to proceed in the former court, he must allege and prove the same substantial facts as would be required to entitle him to relief in the latter. As to requisite facts, see 8 *Georgia Reports*, 43, 106, 462; 20 *Ibid.*, 145; 3 *Kelly*, 132; 6 *Georgia Reports*, 92; Code, section 3152.

Judgments. Levy and sale. Lien. Administrators and executors. Debtor and creditor. Equity. Pleadings. Before Judge BARTLETT. Wilkinson Superior Court. April Term, 1875.

Twelve executions in favor of William C. Parker, against James Jackson, as administrator of Rebecca Jones, all based on judgments obtained at the August term, 1866, of Wilkinson county court, were, on March 1st, 1869, levied on fourteen hundred and sixty acres of land, in the fourth and fifth districts of said county, to satisfy the same, "in accordance with a decree in equity in case of James Jackson *vs.* J. T. Jones." The property levied on was claimed by Joseph T. Jones. On the trial of the issue thus formed the following evidence was introduced:

1st. The executions above named, counsel agreeing to use one for the twelve.

2d. The levy. This was objected to by claimant as "being of no force in law now, but discontinued, dead and abandoned." The objection was overruled, and claimant excepted.

3d. Affidavit of claimant of same date as the levy, made under the relief act of 1868.

4th. Memoranda of bench docket showing the history of this proceeding under the relief law until it was finally dismissed at the April term, 1872.

5th. Claim interposed by Jones on October 28th, 1873, and order allowing its withdrawal at October term, 1874.

6th. Bill in equity by James Jackson against claimant, returnable to October term, 1866, and proceedings thereon to final decree. This evidence was admitted over the objection of claimant, and he excepted.

This bill made, in brief, the following case against Jones:

Jackson was appointed administrator of Rebecca Jones and. guardian of claimant, her only child. He took possession of her estate, consisting of lands, slaves, stocks, etc., aggregating in value $28,500 00. The debts of such estate were paid off with the exception of that due Parker, which was represented by twenty-two notes, each for $50 00, and one for $34 75, all dated October 2d, 1857, and due December 25th, 1858. For various reasons, immaterial here, the income of the estate was insufficient to support claimant and to pay off these notes. Claimant, though a minor, yet was of an age sufficient to be consulted by his guardian as to the management of the estate. He objected to the sale of any portion of the *corpus*, and thus the debt was allowed to remain outstanding. Claimant having reached maturity on May 4th, 1863, at his special instance and request, Jackson, as administrator of Rebecca Jones, and as his guardian, turned over to him all of the aforesaid estate upon the distinct understanding and agreement that he would assume said debt to Parker and save said Jackson harmless therefrom. Claimant failed to carry out this agreement, and now, from the emancipation of slaves, and other causes, has become unable to do so, except by the sale of the aforesaid land. At the August term, 1866, Parker obtained judgments

on said notes against Jackson, as administrator. The latter has no funds of the estate in his hands with which to meet the same, and unless the aforesaid lands are subjected to their payment, his individual property will be rendered liable thereto. Prays that claimant be enjoined from selling or encumbering said property, that it be subjected to the payment of the aforesaid judgments, and that the writ of subpœna may issue.

The claimant answered, setting up grounds why said lands should not be subjected to said judgments, and, by way of cross-bill, asked that Jackson be brought to an account for his management of the estate while in his hands.

To this cross-bill Jackson filed an answer setting forth his returns to the ordinary, etc.

The jury found the land to be subject to the Parker debt, and directed that it be sold under the rules and regulations governing sheriffs' sales, and that the proceeds thereof, or so much as may be necessary, be applied to the payment of said debt and the costs of this proceeding. The chancellor decreed accordingly.

7th. Receipt from claimant to Jackson, both as guardian and administrator, for all the property coming to him from the estate of Rebecca Jones, deceased, and releasing and acquitting him from all further and future liability. Dated May 4th, 1863.

8th. Admission that lands referred to in the aforesaid bill, etc., are those claimed.

In the course of the trial the court expressed the opinion that the decree in the aforesaid equity cause operated as an estoppel upon claimant, and that the Parker judgments constituted a lien on the land. A verdict was returned accordingly.

The claimant moved for a new trial upon the following grounds, to-wit:

1st. Because the court erred in admitting the aforesaid levy in evidence.

2d. Because the court erred in admitting in evidence the aforesaid bill in equity with the proceedings had thereon.

Ordinary *vs.* Smith *et al.*

3d. Because the court erred in holding that said decree operated as an estoppel on claimant, and that the judgments of plaintiff in execution constituted a lien on the land.

The motion was overruled, and claimant excepted.

WILLIAM McKINLEY, for plaintiff in error.

JAMES G. OCKINGTON; JAMES C. BOWER, for defendant.

BLECKLEY, Judge.

The head-notes, read in the light of the reporter's statement, will disclose the views of the court on the law of this case. The land was administered before the creditor obtained his judgments. He cannot, therefore, subject it by levy, without pleading the facts at law in aid of the levy, and having a judgment on such pleadings declaring it subject; or going into equity and obtaining a decree there. The decree heretofore rendered in the equity proceeding, to which he was no party, will not serve his purpose, unless he can get the administrator to enforce that decree and have a sale made under it, instead of under the executions founded on the creditor's judgments against the administrator.

Judgment reversed.