## COLLIER, administrator, *et al. vs.* LEONARD.

There was no abuse of discretion in granting a new trial in this case on the ground that the verdict was contrary to evidence.

(*a.*) Where a security claims a discharge on the ground that suit was brought against the administrators of his principal and himself, judgment erroneously taken against the administrators as individuals, and afterwards amended, that at the time of the original judgment the estate was solvent, but had since become insolvent, and plaintiff failed to collect by reason of his own laches—to support such allegations it would be necessary to show that there were assets of the estate in the hands of the administrators at the time of the first judgment; it would not be sufficient to show that there was property in the hands of the heirs and distributees of the estate, turned over to them in the course of distribution.

October 3, 1882.

New Trial. Principal and Surety. Administrators and Executors. Before Judge CRISP. Sumter Superior Court. October Adjourned Term, 1881.

Reported in the decision.

HAWKINS & HAWKINS, for plaintiff in error.

GUERRY & SON, for defendant.

CRAWFORD, Justice.

A new trial was granted in this case by the judge below upon the ground that there was not sufficient evidence to sustain the verdict. That judgment is the error assigned.

The trial below was had upon issues made by an affidavit of illegality, filed by J. J. Collier to an execution proceeding against S. G. and S. C. Prior, administrators of B. F. Pettee, and himself, and in which, among other things not material here, he set up that he was only security on the original debt of the intestate; that at the time of the verdict and judgment, which was first rendered against him in May, 1867, it was taken against his to-defendants as individuals, and not in their represen-

tative capacity; that at that time the estate of B. F. Pettee was solvent, and had sufficient property to pay the said debt; that the said judgment was amended in May, 1876, by inserting the words, "to be levied of the goods and chattels, lands and tenements, of the said Benj. F. Pettee, deceased;" that at the date of the amendment, the estate had been fully administered, and was insolvent; that by the failure of the plaintiff to take and enter judgment against the property of the intestate in the hands of his administrators, his liability had been increased, and the lien of the judgment lost upon all his said property, and the benefit of it lost to himself; wherefore under the law he was discharged from the payment of said debt. The issue which controlled the verdict, turned upon whether the administrators of Pettee did in fact have at the time of the taking of the first judgment property sufficient to pay it off. The examination of the witnesses was lengthy and searching. It appears, without going into details, that counsel for Collier relied mainly upon the testimony of S. C. Prior, one of the administrators, who, upon being asked, whether at the time of the first judgment there was property enough to pay this debt, answered in the affirmative. Yet upon cross-examination it seems that a part of this property had been in the hands of the witness, not as administrator, but as guardian, and a part of it in the hands of the widow as heir and distributee. He further testified that he had nothing to do with it after about the first of 1867, having turned it over to those parties to whom he thought it belonged. The defective judgment having been taken in May, 1867, it looks as though there was really nothing in the hands of the administrators subject to levy and sale as the goods and chattels, lands and tenements of the intestate, at that time. This view seems to be confirmed by the other administrator, who testified that his brother principally managed the estate, and that the property had been taken possession of about that time by the guardian. Besides these

facts, it would seem from the returns of the administrator, when taken in connection with the deeds and other testimony, that the estate of Pettee had been fully administered by the 1st of January, 1863; or, at all events, that most of it had been sold and the proceeds of sale distributed, and that which was unsold turned over to the widow as an heir at law, and to Prior as guardian of the children. The testimony is too vague and unsatisfactory, in our opinion, to authorize the finding of the jury. To discharge even a security, the evidence should establish the facts necessary to entitle him to such discharge under the law.

The evidence fails to show affirmatively that the estate of Pettee, or at least a sufficient amount thereof to pay this debt, was in the hands of the administrators in May, 1867. This, the security must do; he alleges it in his affidavit and he must prove it. It will not do to show that there was sufficient property in the hands of the heirs and distributees to whom it had been turned over in the distribution; for the judgment, even if it had been rendered correctly, would only have bound the property of the intestate in the hands of the administrators to be administered. 55 *Ga.*, 11.

It will not do to claim that a plaintiff in *fi. fa.* shall be compelled to proceed against property in the hands of third persons, and subject himself to litigation, when there is enough to pay in the possession of one of the defendants in *fi. fa.* subject to be seized and sold, although that defendant be only a security. Such defendant may, at any time, pay off the *fi. fa.*, and proceed himself to test titles and the liability to seizure and sale of such property.

Judgment affirmed