STRODDER *v.* THE SOUTHERN GRANITE COMPANY.

Where an accord and satisfaction is fully executed, the party receiving money from the other cannot rescind on the ground of fraud, or of his own mental incompetency to make a binding contract, without refunding or offering to refund the money which was the fruit of the accord and satisfaction. If any exception to this general rule results from inability, by reason of poverty, to restore the money, it is only where the fraud is not discovered, or the mental disability continues, as the case may be, until after the money has been expended or otherwise put beyond the power and control of the plaintiff. To use and appropriate the money with knowledge of the imposition, would be a ratification of the settlement. *Judgment affirmed.*

July 16, 1894.

Equitable petition. Before Judge RICHARD H. CLARK. DeKalb superior court. August term, 1893.

According to the petition, the plaintiff was greatly and permanently injured (among other things losing his eyesight) while in defendant's employment, by the negligence of his superior in working with dynamite or other explosive material, on January 10, 1893. A month afterwards, while prostrated and wrecked by

physical and mental torture resulting from the injury, and wholly incapacitated to execute any valid contract without counsel and assistance, defendant by its agent, taking advantage of his helpless condition, came to his dwelling and craftily and fraudulently induced him to sign with his mark a paper reciting that in consideration of medical attention furnished, the payment of his wages for three months, and $20, these were accepted by him in full accord, satisfaction and settlement of any and all claims for damages on account of the injuries received, etc. Defendant well knew his condition and his incapacity to contract, but by its agent came into his room with attesting witnessess, in the absence of his wife, took him out of his bed and had him to touch a pen to make his mark to the paper, and then carried him back to bed and left $20 by his side, he not understanding what he was doing; all of which was done hurriedly and quietly. He prayed that, being unable without fault on his part to repay the money, the court would not require him to repay it as a condition precedent to granting the relief he sought; that the writing be cancelled; and that his claim for damages be submitted to a jury, and due provision be made in the verdict and judgment for repayment to defendant of the amount that might appear to be the correct consideration of said writing, if any. The petition was dismissed on demurrer

M. E. Lofton and G. S. Thomas, for plaintiff.
A. H. Cox, for defendant.