## BURGAMY *v.* HOLTON.

1. A suit against defendant as the widow and sole heir at law of her deceased husband, for specific performance of a contract by which the deceased agreed to adopt the plaintiff as his child, make her his heir, and devise to her one third of his estate, was not barred by the judgment of the court of ordinary discharging the administrator of the decedent after he had taken possession of the estate of his intestate, and, after paying the debts of the intestate and the expenses of administration, had turned over to the widow as such heir the remainder of the estate. The court of ordinary was without jurisdiction to pass upon the claim of the plaintiff, or to render any judgment which would affect the same.

2. It was not necessary to have an administrator appointed for the estate and made a party defendant, to enable the plaintiff to prosecute this action. The action can proceed against the sole heir at law, who has possession of the entire estate, the administrator having been discharged and there being no debts.

3. An accord and satisfaction arises where parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, in which case the taking of the new consideration amounts to the satisfaction of the former contract.

(*a*) The accord and satisfaction must be of some advantage, legal or equitable, to the creditor, or it will not have the effect of barring him from his legal rights. The acknowledgment of a disputed title, or the securing of a doubtful claim, is such an advantage.

(*b*) Generally an essential element to sustain an accord and satisfaction of an entire debt or disputed claim by the giving of a less sum of money than that claimed, and nothing more, is a bona fide dispute or controversy; but this rule does not apply where the damages are unliquidated.

(*c*) A dispute or controversy is not an essential element of some forms of accord and satisfaction, as an accord and satisfaction of a liquidated claim by the giving and acceptance of a smaller sum and some additional consideration, such as new security, payment of the debt before due, payment by a third person, or where property, or personal services are accepted from an insolvent debtor in satisfaction.

(*d*) If a creditor agrees to accept a less amount than his claim in prop-

Accord and Satisfaction, 1 C. J. p. 523, n. 1; p. 527, n. 53, 60; p. 528, n. 70; p. 547, n. 57; p. 554, n. 36; p. 562, n. 86; p. 565, n. 20; p. 566, n. 24, 25, 31; p. 567, n. 36; p. 571, n. 79.

Adoption of Children, 1 C. J. p. 1378, n. 91, 92; p. 1379, n. 7.

Descent and Distribution, 18 C. J. p. 804, n. 53.

Executors and Administrators, 24 C. J. p. 1028, n. 2.

Judgments, 34 C. J. p. 935, n. 33.

Pleading, 31 Cyc. p. 78, n. 95.

erty, and does accept it in discharge of such claim, the defendant may plead it by way of accord and satisfaction; or, if such facts appear from the petition of the plaintiff, he can take advantage of it by demurrer.

(e) A debtor is under no legal obligation to deliver something other than money, and the delivery of property may be a legal consideration for a contract of discharge by a creditor, as well as any other promise he might make; and this rule applies irrespective of the intrinsic value of the property.

4. Where the widow and sole heir at law refused to recognize the claim of the plaintiff to one third of the estate, but did turn over to the plaintiff certain property in full settlement and satisfaction of the unliquidated claim of the plaintiff in the estate, which she accepted and keeps, the plaintiff can not maintain this action to recover a balance which she claims to be due her upon her claim, without having returned to the defendant such property.

(a) Where property was delivered by the defendant to plaintiff in full settlement of her claim in the estate, this was a delivery upon the condition that the plaintiff should accept it as such; and where the plaintiff accepted and keeps the property so delivered to her, she can not keep the property and repudiate the condition.

(b) The court erred in not sustaining the demurrer to the petition upon the principle just announced.

No. 6132. December 16, 1927.

Equitable petition. Before Judge Hardeman. Washington superior court. June 6, 1927.

Docia Padgett Holton, on March 23, 1926, filed her petition against Susie Burgamy, and made these allegations: (1) She was formerly Docia Padgett, but now Holton. (2) In 1888 she was placed in the orphans' home of the South Georgia Methodist Conference, and remained in said home until 1900, when J. R. Burgamy came to said home, seeking a child to be taken into his home (he and his wife having no child of their own) for company and companionship, with the intent and purpose of adopting her as his own daughter and child. (3) When Burgamy agreed to take her he entered into an agreement and contract with the superintendent of said home, who had a right to make a contract in her behalf, to the effect that Burgamy would take her into his home, support and school her, raise her under Christian environment, and adopt her as an heir at law, with all the rights and privileges of a child of his blood, if she should prove satisfactory and pleasing. By virtue of said agreement she was taken into the home and family of Burgamy as a member thereof in 1900, and she remained there until the year 1904, when she, with the approval of Burgamy,

married J. E. Holton. During the years 1900 to 1904, inclusive, during which time she remained in his home, Burgamy, in compliance with his agreement, provided medical attention for her when necessary, surrounded her with Christian environment, learned to love her, and bestowed upon her all the kindness and care that any parent would have given to his own child. She loved Burgamy and soon began to look upon him as a father, and responded to his care and attention by making him a dutiful and loving child. She became in fact an actual member of his family, devoting her life to his and his wife's care. (8) After being in his home for a short time and being pleased with his treatment and kindness, she induced Burgamy to bring to his home her sister, Della Padgett, to share her happiness, upon the same terms and conditions as were made in her behalf with said superintendent of said home. Della Padgett came to his home on January 12, 1901, and she and her sister looked after his home and dutifully attended to all of the wants of the home. They performed all the household duties, milked the cows, and worked the garden. (10) She and her sister frequently talked with Burgamy concerning their status in his household, and frequently asked him if he regretted having them in his home, if they had given him satisfaction and happiness, and if their conduct and help was such as he expected them to render, and if he loved them. (11) In these conversations at various times during said years, Burgamy expressed his entire satisfaction with their conduct and diligence. He said he loved them just as well as he could love a daughter of his own, and that they had made him happy; that no natural children could have ever been more loving and dutiful, and he said he expected them to inherit of what he left and that they would be heirs of his estate. He addressed them as his daughters or children. He publicly declared that he expected to adopt petitioner as his child, so that she would be a legal heir to his estate. After she married there was never any change in his conduct towards her, and he continued to look after her and her family and their welfare and that of her children. Whether Burgamy took legal steps to adopt her as his legal heir at law she is not advised, but she knows that this was his expressed intent and purpose. By reason of said promises, and of his statements and promises made to her, her husband and others, she was led to believe that she had been legally adopted

by him. She acted upon such belief. His conduct and statements amounted in law to a legal and virtual adoption; and having acknowledged her as his adopted child and having so treated her, this was sufficient without more to make her his adopted child with all the rights of a natural one. Although intending to carry out the agreement and contract which he made with her by making provision for her and her sister in his will, he failed to make a will, or if he made one the same can not be found and probated. He did not convey to her any money or property of value during his lifetime, except such as was necessary for her bare sustenance and support. She rested securely in the belief that having adopted her as his child he would make provision for her in his will, and that at his death she would inherit, as his recognized adopted child, one third of his estate. Burgamy died April 22, 1924. He left no child by blood and no children by adoption, except plaintiff and her sister. Susie Burgamy, his widow, is now claiming to be his sole heir at law; and if plaintiff and her sister are not entitled to be considered as his adopted children, and as such entitled to one third interest each in his estate, his widow will be entitled to inherit his entire estate. (16) At the June term, 1924, of the court of ordinary, Alfred R. Burgamy was appointed administrator of the estate of J. R. Burgamy. The estate was duly appraised, and was of the value of $100,000 or other large sum. The administrator administered the estate, paid all of the debts, and delivered to the widow the entire estate, believing that she was the sole heir at law of the intestate. Petitioner could not, under the law, set up her claim in the court of ordinary, as it was purely equitable, and that court had no jurisdiction of it. She now seeks to set it up as an heir at law in the superior court. (18) When Susie Burgamy accepted the entire estate from the administrator, she knew that petitioner was an adopted daughter of her deceased husband. She had on frequent occasions heard her husband declare that petitioner and her sister were his adopted children, and that he intended that she should share equally with his wife in his estate. Susie Burgamy has on frequent occasions recognized her and her sister as the adopted children of her husband and herself; and during all the years that she and her sister lived in their home Susie Burgamy accepted the services rendered by them, knowing that petitioner was rendering such services under the contract set

out above, and regarded herself as an adopted daughter and as a future heir at law. Defendant has always led her and her sister to believe that she knew they would be equal heirs with her in the estate, and she believed when the state was turned over to Mrs. Burgamy by the administrator that she would deliver to her and her sister each their one third interest in said estate. Recently she called the attention of the defendant to her rights as an heir at law, and then for the first time defendant stated to her that she refused to recognize her as an heir at law to one third of the estate, but nevertheless delivered to her a Georgia State bond in the sum of $1000, and a tract of land of the value of $200, claiming that this represented her entire interest, and that she would receive nothing more from the estate, although she well knew that petitioner's interest in the estate was of the value of $30,000 or other large sum. There have come into the hands of the defendant bonds of the principal value of $35,000, notes and accounts of the principal value of $26,000, and cash of the value of $20,000, in addition to 3000 acres of land and other real property of the value of $40,000. Plaintiff prayed for decree declaring her to be an adopted daughter of Burgamy, and as such entitled to a child's part in his estate; for an accounting of the assets of the estate; etc.

The defendant demurred to the petition, upon the grounds: (1) that the facts alleged do not constitute a cause of action; (2) that the facts are insufficient in law to show a valid contract of adoption by Burgamy of petitioner; (3) that the alleged acts and conduct of Burgamy show neither a legal nor a virtual adoption of petitioner as his child, and do not show that she is entitled as such to any part of his estate; (4) that the facts set forth in the petition show that the defendant is the sole heir of said Burgamy and is entitled to his entire estate; (5) that there is no proper party defendant named in the petition, the allegations showing that A. R. Burgamy was and is the duly constituted administrator of the said J. R. Burgamy, that defendant is an improper party defendant, and that said administrator would be a proper party defendant; (6) that the facts show that the petition should have been brought against the administrator. The defendant demurred specially upon several grounds.

Petitioner amended as follows: By adding at the end of paragraph 3 of the petition this language: "Provided" she "should

prove satisfactory and pleased the said Burgamy." By adding to paragraph 11 the following: Said Burgamy at various times during the years above set out, promised and agreed to adopt her as his heir, and promised that she and her sister would each inherit one third of his estate, and that he would make a will and leave to them a one-third interest each in his estate, so that they would be equal heirs with his wife. She remained with Burgamy and faithfully performed all the duties and requirements and carried out the terms of her contract as a child with him, and never knew and had no reason to suspect that said Burgamy had failed to take any steps to legally adopt her, and had failed to make any will before his death, as he had promised. She relied upon said promise; and having performed her contract and agreement it would be a fraud upon her not to have the agreement enforced in a court of equity. By adding at the end of paragraph 16, that the administrator was duly discharged at the January term, 1926, of the court of ordinary. By adding at the end of paragraph 18, that during the time A. R. Burgamy was acting as administrator of the estate of J. R. Burgamy, and after he was duly discharged, she was frequently assured by the defendant that she would get her part of the estate of said Burgamy, and defendant frequently told her and by her conduct led her to believe that the defendant regarded her as an heir, and that as soon as she received the estate petitioner would be paid her respective share of the estate of J. R. Burgamy. Petitioner relied upon these statements and deferred bringing suit against the administrator of the estate solely upon the promise of the defendant, and the belief that the defendant would deliver to her her one-third interest in the estate. She filed this suit as soon as she had knowledge that the defendant denied her heirship.

The defendant objected to the allowance of said amendment, upon the ground that it set up a new and distinct cause of action. The court overruled this objection, and allowed the amendment. To this ruling the defendant excepted. The defendant renewed her original demurrer and filed other general and special grounds of demurrer, as follows: (1) That the petition sets forth no cause of action. (2) That the amendment joins in one petition three distinct and separate causes of action, not in separate and distinct counts, in that the petition seeks to recover, (a) upon the

status of the plaintiff as an adopted child under a purported parol' contract creating her an heir at law of the decedent, (b) upon an alleged contract made by the deceased to devise to her one third of his estate, and (c) upon the contract and promise of the defendant to turn over and deliver to her one third of his estate. (3) That the petition as amended is uncertain as to whether petitioner is attempting to recover upon the status of an adopted child, or upon a parol contract to devise to her one third of the estate, or upon the promise of the defendant to deliver to her one third of the estate upon the discharge of the administrator. (4) There is no proper party defendant, in that the administrator of J. R. Burgamy had been dismissed and discharged, and this defendant is not a proper party defendant, and petitioner has no right to recover against the defendant, but could only recover against the administrator. (5) Plaintiff is seeking to recover upon an executory contract made by the deceased with her; the estate of the decedent was duly and properly administered, and no claim was made in behalf of plaintiff against the administrator upon the several obligations arising out of the contract. The petition under its allegations is barred, and petitioner can not maintain an action against an heir at law arising out of a contract made with the deceased. (6) Plaintiff has no right to recover, for the reason that her right as an heir at law depends upon the alleged contract of adoption, which could only be established in a suit against the administrator of the deceased, and the administrator was discharged prior to the bringing of this suit. (7) Plaintiff has been guilty of such laches as would prevent her from bringing any suit upon the alleged cause of action. (8) It does not appear from the petition that plaintiff ever presented her claim to the administrator or ever claimed from him any part of the estate as an heir at law, and no sufficient reason appears why said claim was not made prior to his discharge. (9) The entire estate was delivered by the administrator to the defendant, and she holds adversely to the estate and to the administrator, and did not receive the estate either as trustee or otherwise for other alleged heirs. (10) The petition as amended does not allege any legal or valid contract making it the duty of the defendant to account to petitioner for any part of the estate, as there was no consideration for the alleged promise and agreement. (11) No valid contract of adoption is stated in the

petition, nor is there stated any legal or valid contract on the part of the deceased to devise one third of his estate to plaintiff; and it does not appear that the alleged promise of the deceased to this effect was based upon any consideration. (12) There is no proper party defendant to the petition. The court overruled the demurrers, and the defendant excepted.

*E. W. Jordan,* for plaintiff in error.

*John R. Irwin, Evans & Evans, M. L. Gross,* and *T. W. Hardwick,* contra.

HINES, J. (After stating the foregoing facts.)

1. The plaintiff seeks to recover from the defendant, as the widow and sole heir at law of her deceased husband, one third interest in the estate, the whole of which had been received and was in possession of the widow, upon the theory that the plaintiff had been virtually adopted by the deceased as his child under a parol agreement, and upon the further agreement of the deceased to execute a will and devise to the plaintiff one third of his estate. Upon the death of the husband his estate was administered by A. R. Burgamy, who took possession thereof, paid the debts of the intestate, and delivered the remainder of the estate to the widow as the sole heir at law. Thereupon the administrator was discharged by the court of ordinary. The defendant insists that this judgment of discharge bars the plaintiff from instituting the present action. Is this position sound? It is urged that the court of. ordinary is a court having general jurisdiction, by statute, of "the sale and disposition of the real property belonging to, and the distribution of, deceased persons' estates." This is undoubtedly true. Civil Code (1910), § 4790 (4). It is likewise true that "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." § 4336. The distribution mentioned in section 4790 refers to the distribution of the property of the intestate to persons who are entitled to receive the same at the time of distribution as heirs at law of the intestate. It has no reference to any other distribution of the property of the intestate to persons other than heirs who may have some title to it or equitable claim therein. The plaintiff did not occupy the legal status of an heir of the deceased intestate at the time the

administrator made distribution of this estate to the widow, who was the sole heir at law. She had no legal status as a child. The alleged contract of the deceased to adopt the plaintiff was not self-operating. Heirship did not grow out of it. The right to take an estate as an heir at law exists only by operation of law. *Crawford* v. *Wilson,* 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773); *Pair* v. *Pair,* 147 *Ga.* 754, 758 (95 S. E. 295); *Ezell* v. *Mobley,* 160 *Ga.* 872 (4) (129 S. E. 532). In the situation existing at the time the administrator distributed this estate, the widow of the intestate was his sole heir at law, and he properly turned over to her the estate of the intestate remaining after the payment of debts and the expenses of administration, in the absence of any proceeding by the plaintiff in equity to establish her right to an interest in the estate, and to prevent the administrator from turning the whole of the estate over to the only person who then occupied the position of heir at law of the deceased. So, when the administrator applied to be discharged, the only issue before the court of ordinary was whether or not he had properly administered the estate in paying the debts of the intestate and expenses of administration, and had turned over to the widow as the sole heir at law of his intestate all the remainder of the estate. The judgment of the court of ordinary discharging the administrator was an adjudication that he had properly administered the estate in paying the debts of the deceased and the expenses of administration, and had turned over to the widow, who was the sole heir at law, the remainder of the estate. This judgment was conclusive upon heirs and creditors that he had faithfully and honestly discharged the trust reposed in him by paying the debts of the intestate, the expenses of administration, and in turning over to the widow, who was the only person entitled in law to receive it, the balance of the estate. "Upon these requirements being fulfilled," our statute enacts that the administrator "shall be forthwith dismissed and released from his liability as . . administrator." The dismission of the administrator is a release and a bar, both at law and in equity, against heirs and creditors, unless impeached for fraud. *Carter* v. *Anderson,* 4 *Ga.* 516. The judgment of discharge, however, is not a bar to the claims, legal or equitable, of persons other than creditors and heirs, in the property distributed by the administrator. So we are of the opinion that

the judgment of discharge was not a bar to the action of the plaintiff to enforce the alleged obligation of the deceased to adopt her; and that the court properly overruled the ground of demurrer based on the contention that such judgment was a bar to the present action.

2. The defendant contended that the administrator of the deceased was a necessary and indispensable party to this action, and that the same could not proceed against the defendant as the sole heir at law of the intestate, although she had received and was in possession of all of his large estate which was left after the payment of debts and expenses of administration. An obligation to adopt, or an agreement to devise, is, after the death of the party who agreed to adopt or devise, enforceable against his sole heir at law, who receives and takes possession of the estate of the promisor, by treating the heir as a trustee, and compelling him to convey the property in accordance with the contract; and where the agreement is entire and embraces both real and personal property, and the estate is unrepresented and owes no debts, and the heir is in possession of all of the property of the deceased, it is not necessary, in order to enforce the contract in its entirety, to have an administrator for such estate appointed and made a party defendant to such suit. Such a case can proceed, under these circumstances, against the heir at law as the sole defendant. *Belt* v. *Lazenby*, 126 *Ga.* 767 (56 S. E. 81); *Gordon* v. *Spellman*, 145 *Ga.* 682 (2) (89 S. E. 749, Ann. Cas. 1918A, 852); *Landrum* v. *Rivers*, 148 *Ga.* 774, 792 (98 S. E. 477); *Copelan* v. *Monfort*, 153 *Ga.* 558, 567 (113 S. E. 514). It follows that the petition was not demurrable upon this ground.

3. The petition alleges that when the defendant received from the administrator the entire estate, she knew that petitioner was the adopted daughter of the intestate, and that pending the administration and after the administrator was discharged the defendant assured her that she would get her part of the estate, and frequently told plaintiff that she regarded her as an heir at law. The petition further alleges that she recently called the attention of the defendant to her rights as an heir at law, and then for the first time defendant stated to petitioner that she refused to recognize her as an heir at law to one third of the estate, but nevertheless delivered to petitioner a Georgia State bond for $1,000, and

a tract of land of the value of $200, claiming that this represented her entire interest in the estate, and that she would receive nothing more from the estate, although the defendant well knew that petitioner's interest in the estate was of the value of $30,000 or other large sum. The defendant asserts that these facts show an accord and satisfaction of petitioner's claim to an interest in this estate, and that she is precluded thereby from prosecuting this action. The petition does not specifically allege that petitioner received and has retained this bond and land; but, construing the pleading most strongly against the pleader, as we are bound to do, the proper inference to be drawn from the facts alleged is that she did accept and has retained this bond and land turned over to her by the defendant in full of her interest in this estate. Do these facts show an accord and satisfaction which will preclude the plaintiff from prosecuting the present action?

"Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." Civil Code (1910), § 4326. "The accord and satisfaction must be of some advantage, legal or equitable, to the creditor, or it will not have the effect of barring him from his legal rights. The acknowledgment of a disputed title, or the securing of a doubtful claim, would be such an advantage." § 4328. Generally, an essential element to sustain an accord and satisfaction of an entire debt or disputed claim by the giving of a less sum of money than that claimed, and nothing more, is a bona fide dispute or controversy. However, this rule does not apply where the damages are unliquidated. A dispute or controversy is not an essential of some forms of accord and satisfaction, as an accord and satisfaction of a liquidated claim by the giving and acceptance of a smaller sum and some additional consideration, such as new security, payment of debt before due, payment by a third person, or where property or personal services are accepted in satisfaction. 1 C. J. 527, § 12, A; Id. 547, § 58 (10); Id. 544, § 48 (2); Id. 554, §§ 74(b), 74(d), 75(b); Id. 565, § 95, D; Id. 566, § 97, E. In *Molyneaux* v. *Collier, 13 Ga.*

406, it was held that "An agreement to accept one third part of a debt, in discharge of an insolvent debtor, from the yearly proceeds of his personal labor," was "on good consideration and valid." In *Evans* v. *Pollock,* 1 *Ga. Dec.* Part 1, 33, it was held: "If a creditor agree to accept a less amount than his debt, in property, and does accept it in discharge of such claim, the defendant may plead it by way of accord and satisfaction; or if the creditor agree to accept payment of the full amount of his debt, in some other species of property, and it is afterwards tendered to him, and he refuses to receive it, this amounts to an accord and satisfaction, and may be successfully pleaded to such demand. But where a creditor agrees to accept a smaller sum in money, in satisfaction, and the money is not paid by the debtor and accepted by the creditor at the time,—no subsequent tender of such less sum, and refusal by the creditor, will amount to an accord and satisfaction of the debt."

The specific question for our determination is this: Will the payment by a debtor to his creditor of a less sum than he is due on his debt or liability, without any other consideration, amount to an accord and satisfaction? "An agreement by a creditor to receive less than the amount of his debt can not be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration." Civil Code (1910), § 4329. From this section it would seem that the agreement of the creditor to receive less than the amount of his demand, and the payment of the money thereunder, is a sufficient consideration for such agreement, and stands upon the same footing as "the giving of additional security, or the substitution of another debtor, or some other new consideration." It has been said that this section was codified from the case of *Evans* v. *Pollock,* supra. But whether this is the right construction of this section or not, we have seen above that the principle that a liability can not be discharged by payment and acceptance of a less sum applies only to the payment in money, and that a valid accord and satisfaction takes place where property is accepted in satisfaction of the demand. The debtor is under no legal obligation to deliver something other than money, and the delivery of property may be a legal consideration for a contract of discharge

by the creditor as well as any other promise he might make. This rule applies irrespective of the intrinsic value of the property. The fact that the property received is of less value than the demand, or that it is of very small value as compared with the claim for which it was accepted, is immaterial. 1 C. J. 565, § 95, D, and decisions cited in note 20. Of course the return to the creditor of his own property would constitute no accord and satisfaction; and it may be said that the bond and the land which the plaintiff received were parts of the estate of the decedent, and that the plaintiff had, according to her contention, a one third interest in said bond and land.

Conceding that the bond and the land were parts of the estate of the decedent, the estate had been fully administered, and they were turned over to the defendant as the sole heir at law of the decedent. They were fully administered when so turned over bona fide by the administrator to the defendant; and they were no longer the property of the estate. *Jones* v. *Parker, 55 Ga.* 11; *McDaniel* v. *Edwards, 56 Ga.* 444; *Collier* v. *Leonard, 69 Ga.* 311. They thus became the property of the defendant, although the plaintiff might have an equitable claim thereon. Besides, the defendant only had, according to her contention, a one third interest in these two pieces of property. So it appears from the petition of the plaintiff that there had been between her and the defendant an accord and satisfaction; and this bars her present proceeding.

4. But if we are wrong in this, the plaintiff can not prosecute this suit, for another reason. Clearly the bond and land were turned over to the plaintiff upon the condition that they were delivered to plaintiff in full of her demand. The receipt and retention of this bond and land raises a conclusive presumption of the acceptance of the proposition of the defendant, and that they were delivered to the plaintiff in settlement of her interest in this estate. *Hamilton* v. *Stewart,* 105 *Ga.* 300 (31 S. E. 184), s. c. 108 *Ga.* 472 (34 S. E. 123). In these circumstances the plaintiff can not retain the bond and land and repudiate the conditions upon which they were delivered to her, that is, in full of her interest in this estate. Before she would be entitled to maintain this action, it would be necessary for her to have tendered back the property received in full settlement, within a reasonable time

after its acceptance. This court has said: "Nothing could be clearer than the proposition that where one person delivers to another property, to be retained upon a condition stated, the party receiving it can not retain the property and repudiate the condition." *Hamilton* v. *Stewart*, supra. This principle was again enunciated and approved in *Redmond* v. *Atlanta & Birmingham Air-Line Railway*, 129 *Ga.* 133, 142 (58 S. E. 874). In *Strodder* v. *Southern Granite Co.*, 94 *Ga.* 626 (19 S. E. 1022), this court held: "Where an accord ·and satisfaction is fully executed, the party receiving money from the other can not rescind on the ground of fraud, . . without refunding or offering to refund the money which was the fruit of the accord and satisfaction." The plaintiff, having received this bond and land upon the condition that it was in full settlement and satisfaction of her interest in this estate, can not keep them and repudiate the condition upon which they were delivered to her. So whether the facts make a case of accord and satisfaction, they do make a case where this property was turned over to the plaintiff upon the condition that it was in full satisfaction of her claim in this estate; and in these circumstances she can not keep the property and repudiate the condition. This being so, we are of the opinion that the ground of demurrer that the petition set forth no cause was well taken, and should have been sustained.　·

4. The ruling last announced renders it unnecessary for ,us to pass upon any of the other assignments of error.

*Judgment reversed. All the Justices concur.*