## CHANDLER v. STATE HIGHWAY BOARD OF GEORGIA.

### No. 6648.

Circuit Court of Appeals, Fifth Circuit.

Nov. 8, 1932.

602

Mac Asbill and Edgar Watkins, both of Atlanta, Ga., for appellant.

Rembert Marshall, of Atlanta, Ga., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action brought September 30, 1930, by the appellant to recover amounts alleged to be due under two contracts entered into between him and the appellee whereby the former contracted to do work and furnish materials in constructing two described connecting public roads, one referred to as project 394–B in Whitfield county, Ga., and the other referred to as project 394–C in Catoosa county, Ga. The amount claimed included an amount claimed for work called for by the first mentioned contract alone, two amounts claimed to be due under the other contract alone, and two amounts which were the aggregate of amounts claimed to be due under both the contracts. The amount claimed to be due under the first-mentioned contract alone was for work done by appellant in clearing and preparing for use a chert pit pursuant to directions given and authorized to be given by appellee's engineer, which pit said engineer thereafter refused to permit appellant to use. The two amounts claimed to be due under the other contract were for the alleged value of extra work done

by the appellant in hauling chert a greater distance than that indicated in the plan and specifications of the work referred to in that contract, and for the alleged difference between the cost of a rubble masonry wall called for by that contract and the greater cost of making that wall of concrete pursuant to the direction of appellee's engineer. The amounts claimed under both the contracts were for interest, based on the alleged failure of the appellee, during the progress of the work under the contracts, to make payments when due, and for the alleged amount of profits appellant would have realized in installing guard rails called for by each of the contracts, which work appellant was not permitted to do; the construction of such guard rails being let to another contractor. The appellee pleaded accord and satisfaction of the claims of the appellant based upon the contracts mentioned, that defense as to claims under the first-mentioned contract being based on the alleged fact "that on or about November 28th, 1928, defendant tendered plaintiff the sum of $8,906.18 as full and final payment of all that plaintiff was due from defendant on account of said contract covering what is referred to in plaintiff's petition as Project 394–B, and plaintiff at that time accepted said amount subject to said condition." The defense of accord and satisfaction with reference to the claims asserted by the suit in so far as they were alleged to have grown out of the contract covering what was referred to in plaintiff's petition as project 394–C was based upon a similar allegation with reference to the acceptance by plaintiff of the sum of $13,270.30, on or about March 19, 1929, tendered by the defendant to plaintiff as a full and final payment of all that plaintiff was due from defendant under the last-mentioned contract. Each of the contracts mentioned contained the following provisions:

"Final Inspection: Whenever the work provided and contemplated by the contract shall have been satisfactorily completed and the final cleaning up performed the Engineer shall, within ten days unless otherwise provided, make the 'Final Inspection.'"

"Termination of Contractor's Responsibility: This Contract will be considered complete when all work has been completed, and the Final Inspection made, the work accepted by the Engineer, and the final estimate paid. The Contractor will then be released from further obligation except as set forth in his bond."

"Acceptance and Final Payment: Whenever the work provided for by the contract shall have been completely performed on the part of the Contractor, and all parts of the work have been approved by the Engineer and the Final Inspection made, a final estimate showing the value of the work done will be prepared by the Engineer as soon as the necessary measurements may be made. The amount of this estimate, less any sums that may have been deducted in accordance with the provisions of the contract, and less all previous payments, will, be paid to the Contractor within 30 days after the final estimate has been approved by the Engineer."

"Final settlement: The Contractor shall give public notice that final settlement is to be made by advertisement for four consecutive weeks in the recognized official newspaper. The advertisement shall state that full settlement has been made for all labor and materials, and that all claims for nonpayment or damage must be presented to the Engineer on or before the date of final settlement."

Evidence showed the following: In September, 1928, appellant gave notice by publication in a newspaper that he had completed project 394–B, Whitfield county, Ga., and project 394–C, Catoosa county, Ga., and that those two pieces of road had been accepted as completed by appellant. Correspondence between the parties with reference to the publication of that advertisement shows that such publication was made following the giving of written notice by the appellee's engineer to appellant that appellee would not submit final statements "on 394–B Whitfield County, and 394–C" until appellee had received copy of such advertisement. After that publication was made, appellee's engineer made inspections of the work on both the projects, and made estimates showing the value of the work done, the caption of such estimate as to project 394–B being, "Statement No. 12— Final, Project No. 394–B, State Aid Road, Whitfield County"; that estimate on project 394–B showing the amount due on that project to be $8,906.18; and the caption on such estimate as to project 394–C being, "Monthly Statement No. 15 Final. Project No. 394–C. State Aid Road, Catoosa County," and that estimate showing the amount due on that project to be $13,270.32. By written instrument appellant transferred and assigned to the Fulton National Bank of Atlanta, Ga., all his right, title, and interest in the sum of $8,906.18 due from appellee to him under the project 394–B contract, and directed appel-lee to pay that sum to that bank. The appellee issued the following instrument:

"H. D. 218.                              No. 808.
    "State Highway Board of Georgia.
                        "Nov. 24, 1928.
      "Est. No. 12 Final—Project 394–B—
          Whitfield—Voucher.
"No. 1648 of T. W. Chandler.        $8,906.18
    "Pay to the order of Fulton National Bank, $8,906.18, S. H. Board of Georgia $8,-906 and 18 cts. Dollars.
          "State Highway Board of Georgia.
"Correct:
                        "T. M. McLain,
                            "Chief Clerk.
                        "John N. Holder,
                            "Chairman    State
                            Highway Board.
"To Fulton National Bank, Atlanta, Georgia,
          "(Project Account.)"

On the back of that instrument is a stamp as follows: "Paid Loan Discount Teller of Fulton National Bank, November 28, 1928."

The appellee issued the following instrument:

"H. D. 218.                              No. 1313.
    "State Highway Board of Georgia.
                        "Mar. 19, 1929.
    "Vou. 420—Est. 15—Final. Proj. 394–C,
        Catoosa Co.              $13,270.32
    "Pay to the order of T. W. Chandler & Southern Surety Company, $13,270.32, S. H. Board of Georgia, $13,270 and 30 cts. Dollars.
          "State Highway Board of Georgia.
"Correct:
                        "T. M. McLain,
                            "Chief Clerk.
                        "John N. Holder,
                            "Chairman    State
                            Highway Board.
"To Fulton National Bank, Atlanta, Georgia,
          "Project Account.
    "Indorsed: Paid 3–25–29.    64.7."

On the back of that instrument are the indorsements: "Southern Surety Company by T. A. Long, Attorney in Fact," and "T. W. Chandler," and stamped indorsements as follows: Citizens' Bank of Virgilina, by T. L. Gregory, cashier; the Federal Reserve Bank of Richmond, Va., dated March 22, 1929; the Union Bank & Federal Trust Company of Richmond, Va., dated March 22, 1929; and the stamped indorsement of the Federal Reserve Bank of Atlanta as follows: "Received payment through Atlanta Clearing House, March 25, 1929, Federal Reserve Bank of Atlanta."

Attached to the last-mentioned estimate when it was sent to appellant was a paper containing the following:

"Date 3/19/29.
"State Highway Board of Georgia.
"Vol. No. ——— To T. W. Chandler.
"Articles Purchased or Services Rendered:
"Estimate No. 15–F Proj. No. 394–C. County Catoosa. Voucher No. 420.
"Received of State Highway Board of Ga. ——— Dollars, $13,270.32.
"Date Paid ———.
"Sign here ———.
"Over for Distribution."

During the time covered by the making and publication of the above-mentioned advertisement, by the making of the above-mentioned estimates following such advertisement, and the making, tendering, and payment of the above-mentioned vouchers or checks, nothing was said by the appellant or by any one representing or acting for appellant or the appellee with reference to the appellant claiming or being entitled to the whole or any part of the amounts sued for in this case. Not until more than a year after the tender and payment of the above-mentioned voucher or check for $13,270.32 did appellant make any claim to appellee that appellant was entitled to any amount under either of the above-mentioned contracts in addition to the amounts paid as above stated. While the work under the two contracts was in progress, the guard rail work was eliminated for the present, a representative of the appellee telling appellant that they wanted to hard surface the road first, and did not want it put up until that had been done. Nothing more was said about the guard rail work prior to the issue and payment of the above set out checks or vouchers. Upon the conclusion of the evidence, the court granted a motion of the defendant that a verdict in its favor be directed.

In view of the above set out provisions of each of the contracts, the actions of the parties leading up to and including the tenders by appellee and the acceptance by the appellant of the amounts of the above set out vouchers or checks plainly indicated that the results intended by the parties were final settlements of their relations under the contracts, leaving nothing open to future dispute or settlement. The publication by the appellant of the advertisement showing that he claimed that the work called for by both the contracts had been completely performed —it appearing that the advertisement was made as a prerequisite to the making by appellee's engineer of final inspections and estimates—the subsequent making by appellee's engineer of inspections and estimates, the latter stated on their face to be final, and the making and tendering of the checks or vouchers, which, respectively, were for the amounts of such estimates, less sums deducted in accordance with provisions of the contracts, and less all previous payments, were incidents of final settlements, provided for by the contracts, for all work called for by the contracts. What occurred fairly negatived the existence of an intention on the part of the appellant to reserve the right to claim that he was entitled to anything under the contracts in addition to the amounts tendered to and received by him, or of an intention on the part of the appellee to leave it open to appellant to claim that he was entitled to anything under the contracts in addition to those amounts. From the circumstances attending the tenders of the checks or vouchers and the acceptance by the appellant of the amounts thereof, it was to be implied that those amounts were tendered on condition that they be accepted as full payment of all that appellant was entitled to under the contracts. What was done was inconsistent with the absence of an intention to make final settlements. The amounts to which appellant was entitled under the contracts had not been liquidated when the checks or vouchers were tendered. The final estimates showed the amounts found by appellee's engineer to be due to appellant under the contracts. In the absence of agreement between the parties as to those amounts, they were not liquidated. Parris v. Hightower, 76 Ga. 631; Chicago, Milwaukee & St. Paul Railway Co. v. Clark, 178 U. S. 353, 365, 20 S. Ct. 924, 44 L. Ed. 1099. The claims of the appellant under the contracts being unliquidated, his acceptance and retention of the amounts tendered by the appellee on condition that they be accepted in discharge of all appellant's claims or demands under the contracts had the effect of accords and satisfactions of those claims or demands. Redmond Company v. Atlanta & Birmingham Air-Line Railway, 129 Ga. 133, 58 S. E. 874; Burgamy v. Holton, 165 Ga. 384, 141 S. E. 42; Georgia Code, 1926, § 4329; 1 R. C. L. 195.

It was open to the parties to agree to the elimination of the guard rail items from the work to be done under the contracts. In the circumstances disclosed, the advertisement published by the appellant showed that

he waived the right to the benefit of the provisions of the contracts with reference to guard rails.

Undisputed evidence showing accords and satisfactions of the claims asserted by the suit, the above-mentioned ruling was not erroneous.

The judgment is affirmed.