FATTORE COMPANY, Inc., Plaintiff,

v.

METROPOLITAN SEWERAGE COM-
MISSION OF the COUNTY OF
MILWAUKEE, Defendant.

No. 69-C-420.

United States District Court,
E. D. Wisconsin.

May 14, 1970.

Brady, Tyrrell, Cotter & Cutler, by
Richard W. Cutler, Milwaukee, Wis., for
plaintiff.

Schroeder, Gedlen, Riester & Moerke,
Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved for summary judgment. The plaintiff is a construction company which contracted to build a sewer for the defendant. In this action, the plaintiff asks for damages for expenses incurred over and above the contract price.

As a basis for its motion, the defendant pleads a bar to the action under Article 7 of the contract, which reads:

"CONTRACTOR PRECLUDED FROM SUING OWNER—The acceptance by the Contractor of the final payment by the Owner shall be and shall operate as a release to the Owner from all claims and liabilities to the Contractor for anything done or furnished for, or relating to the work, or for any act, neglect, fault or default of the Owner or of any person relating to or affecting the work."

The defendant alleges that the plaintiff has accepted the final payment under the contract, and thus the defendant is released from any further liability.

The defendant argues that final payment under the contract was made to the plaintiff on June 18, 1964. A document which is attached to the defendant's motion and is signed by the chief engineer for the defendant and by the plaintiff's president, indicates that the estimated contract price was $2,946,822.00; it shows that the amount paid to the plaintiff (including certain monies which were subsequently deducted pursuant to stipulation) was $2,956,678.16. In addition, Mr. Charles W. Hintze, an accountant for the defendant, in his affidavit, denominates the payment of June 18, 1964 as the final payment.

The plaintiff responds to the contractual release by arguing that before the payment was accepted on June 18, 1964 the plaintiff's president wrote two

letters to the defendant reserving the right to maintain a lawsuit. The letter of February 25, 1964 states in part:

"Payment by the Sewerage Commission pursuant to the foregoing request and acceptance of such payment by Fattore Company Inc. is not to be construed as acceptance of final payment under the provisions of Article 7 of the Contract between the Sewerage Commission and Fattore Company Inc."

The relevant portion of the letter of May 6, 1964 reads:

"It is, however, expressly understood and agreed that Fattore Co., Inc. does not waive its right to present a claim for extra payment on its contract because of unusual and unexpected conditions encountered on the job. Rather, Fattore Co., Inc. expressly reserves to itself the right to present such a claim to the Commission and to pursue its legal remedies."

These letters can be construed as an attempt by the plaintiff to do two things: (1) to modify the contract unilaterally to reserve the right to sue while conceding, in effect, that the final payment was made; or (2) to deny that the payment of June 18, 1964 was the "final payment".

 Under Wisconsin law, a contract cannot be modified without the consent of all parties to the contract. Nelsen v. Farmers Mutual Automobile Ins. Co., 4 Wis.2d 36, 54, 90 N.W.2d 123 (1958); Jost v. Wolf, 130 Wis. 37, 40, 110 N.W. 232 (1906). There is no evidence that the defendant consented to a modification of the contract; however, it is possible that the letters acted to prevent the payment of June 18, 1964 from being denominated the "final payment".

In Hudson v. Yonkers Fruit Co., Inc., 258 N.Y. 168, 172, 179 N.E. 373, 375, Justice Cardozo observed:

"From this the rule has grown up in connection with the satisfaction of unliquidated demands that one who sends a check to another upon a condition ex-

plicitly declared, that the demand shall be extinguished or the check sent back unused, may hold the creditor to the condition, however embarrassing the choice."

On the other hand, in the case of Chandler v. State Highway Board of Georgia, 61 F.2d 601, 604 (5th Cir. 1932), the trial judge determined that a final payment had been made after examining all of the facts in the case.

In my opinion, it would be inappropriate to grant summary judgment in this case because the court at this time is not clear as to whether a final payment was made within the purview of the seventh article of the contract. All the factual circumstances surrounding the signing of the document dated June 18, 1964, and the conduct of the parties in connection with the objections made by the plaintiff in the two letters sent by its president, must all be examined before the court can resolve the issue presented in this motion for summary judgment.

Now, therefore, it is ordered that the defendant's motion for summary judgment be and hereby is denied.