### WYNN *et al. v.* WYNN *et al.*

Under the act of 1897 (Acts 1897, p. 35), a defendant may, as a matter of right, amend his answer if he attach the affidavit therein prescribed.

Argued October 12, — Decided November 9, 1899.

Complaint for land. Before Judge Seabrook. Wilkinson superior court. April term, 1899.

*F. Chambers* and *J. W. Lindsey,* for plaintiffs in error.

*Evans & Evans,* contra.

SIMMONS, C. J. An action of complaint for land was brought in the court below, against the present plaintiffs in error. They filed their pleas in accordance with the pleading act, but inadvertently admitted what they intended to deny and denied what they intended to admit. Pending the trial, they moved the court to allow them to amend their answer, and filed an affidavit as required by the act of 1897 (Acts 1897, p. 35). The court refused the amendment, and they excepted. We think the court erred in not allowing the amendment. Under the act of 1897, the defendants had the right to amend at any stage of the case, provided they made the affidavit required by the act. We regret to say that the trial judge, under this act, has no discretion in allowing or refusing an amendment when the affidavit is made in accordance with the act. The only discretion given him by the act is that he may allow an amendment, if the circumstances of the case or substantial justice between the parties require that it be allowed, without an affidavit. Under this act the right to amend exists although by the amendment an admission is stricken from the answer first filed. Of course, striking the admissions made does not prevent the plaintiff from offering them in evidence against the defendants. Whether the amendment offered in this case would make the answer a good and sufficient one is not now decided, because the question is not made by the record. All we decide is that the defendants had the right to amend their answer at the time the amendment was offered.

*Judgment reversed. All the Justices concurring.*