### 14153.　HELLER v. SAMUEL SILVER INCORPORATED.

BELL, J. 1. "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." Civil Code (1910), § 4326.

2. "All claims, whether disputed or undisputed, may furnish the subject matter of an agreement in accord and satisfaction, provided such agreement, like all other contracts, is supported by a consideration " (*Riley v. London Guaranty & Accident Co.,* 27 *Ga. App.* 686 (1), 109 S. E. 676), and the new agreement if executed will be binding upon the creditor as an extinguishment of the claim. Civil Code (1910), § 4329.

3. "Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion. It is unnecessary to show that the defendant applied it to his own use, if he exercised dominion over it in defiance of the owner's right, or in a manner inconsistent with it. It is in law a conversion whether it be for his own or any other's use." *Merchants &c. Transportation Co.,* v. *Moore,* 124 *Ga.* 482 (1) (52 S. E. 802).

4. Where a creditor receives from his debtor a check bearing an entry to the effect that it is in payment of certain invoices, aggregating more than the amount of the check, without any explanation of the deficiency, and notwithstanding his supposition, as stated in his letter of inquiry then written to the debtor, that the latter " evidently . . . must have returned some merchandise," proceeds to cash the check,

and within about a week thereafter receives from the debtor, through a carrier, a shipment of a part of the goods sold and covering the deficiency, which, instead of holding for the benefit of the debtor or rejecting altogether, he delivers to a carrier of his own designation for reshipment to the debtor, without the debtor's authority or direction, and which, being refused by the latter, the creditor directs that the carrier return to him under a second contract of carriage likewise made without authority from the debtor, the circumstances showing that the creditor, at the time of the original receipt of the goods returned by the debtor, knew that the latter had intended their acceptance to be in full satisfaction of the claim, proof of these facts in a subsequent action for the alleged balance due upon the invoices demands a finding that the plaintiff, inconsistently with the right and authority of the defendant, had exercised such dominion and control over the goods tendered in settlement as to amount to a conversion, and therefore an acceptance, of the goods as tendered in settlement of the claim, the same appearing not to be absolutely worthless at the time of the conversion. Such executed accord and satisfaction will be binding even though the amount of the claim was not originally in dispute, and regardless of the justness of the action of the defendant in tendering the goods in settlement of the account. *Frank & Meyer Co.* v. *White*, 29 *Ga. App.* 694 (1) (116 S. E. 855); *Riley* v. *London Guaranty & Accident Co.*, supra; Civil Code (1910), § 4329.

5. It is the rule that "An exception to the refusal to award a nonsuit will not be considered where the jury has rendered a verdict against the defendant, and exception is taken to the refusal to grant a new trial on the ground that the verdict was not supported by evidence" (*Henderson* v. *Maysville Guano Co.*, 15 *Ga. App.* 69 (1), 82 S. E. 588), but, since this case is brought up on a direct bill of exceptions after a verdict and judgment in favor of the plaintiff, and the only ground of exception to the verdict is that the refusal of the nonsuit entered into and erroneously affected the verdict and judgment, the assignment upon the failure of the court to grant a nonsuit will be considered. See, in this connection, *Bentley* v. *Johns*, 19 *Ga. App.* 657 (1) (91 S. E. 999).

6. The facts recited in the preceding paragraph 4 having appeared in the evidence of the plaintiff before it rested, by which it was affirmatively shown that the plaintiff was not entitled to recover, and the defect in the proof never thereafter being cured, although the defendant proceeded to offer evidence, the refusal of the motion for a nonsuit was error and must be reversed.

7. The sole issue in the case was whether there had been an accord and satisfaction, and the court was in error in instructing the jury upon the law in regard to the application of payments, but, in view of the ruling of the preceding paragraph, it is unnecessary to determine whether the error was harmful. It is never error to refuse to direct a verdict. There was no error in any ruling upon objections to evidence.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 25, 1923.

Complaint; from city court of Brunswick — Judge Butts. March 16, 1922.

*Isaac & Isaac,* for plaintiff in error.
*Krauss & Strong,* contra.