## 21783. Smith v. National Life and Accident Insurance Company.

Stephens, J. 1. On the trial of a suit to recover on a policy of life-insurance, brought by the beneficiary, where the defense interposed was that the policy was void because it provided that there was no obligation thereunder if, at the time of its issuance, the insured was not in sound health, that at this time the insured was suffering from cancer of a malignant type, and was not in sound health, and in his application he made the false representation, as to a fact material to the risk, that he did not have cancer; and where there was evidence that at the time of the issuance of the policy he had all the appearances of a man in perfect health, was able to plow and do farm work, and made no complaint as to his health, and although there was evidence that he had been operated on for appendicitis about three months prior to the issuance of the policy, and, according to the testimony of one of the doctors present at the operation, he was then suffering from a cancer in the stomach, and that at the time of his death, which was about three months after the issuance of the policy, the doctor who attended him in his last illness gave it as his opinion that the insured had been suffering from cancer of the liver and stomach and that his death was caused by cancer; yet where it appeared from the evidence, that the doctors present at the operation were doubtful at the time as to what the insured's condition was, that none of the doctors was a cancer specialist, that the doctor who attended him in his last illness was not positive that cancer was the cause of his death, but believed it was, and thought it was the same cancer he had when he was operated on for appendicitis, and that, while the doctor stated at the time of the insured's death that he died from cancer of the liver, no autopsy was had,—the evidence did not demand the inference that at the time of the issuance of the policy the insured was suffering from cancer and was not in sound health, or that his representation in the application that he did not have cancer was false. It was therefore error to direct a verdict for the defendant. *National Life &c. Ins. Co.* v. *Smith*, 34 *Ga. App.* 242 (129 S. E. 113); *National Life &c. Co.* v. *Martin*, 35 *Ga. App.* 1 (132 S. E. 120).

2. The judge of the superior court erred in sustaining the certiorari by which the defendant sought to review the judgment of the municipal court granting the plaintiff a new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

Decided September 24, 1932.

Adhered to on rehearing, October 1, 1932.

*Branch & Howard, E. L. Tiller,* for plaintiff.
*Hendrix & Buchanan,* for defendant.