## 22755. WILLIAMS v. HAYS.

DECIDED MAY 29, 1933.

*E. R. King, Lowrey Stone,* for plaintiff in error.

*P. C. King, A. L. Miller,* contra.

JENKINS, P. J. 1. Section 5640 of the Civil Code of 1910 provides as follows: "The defendant, after the time allowed for answer has expired, shall not in any case by amendment set up any new facts or defense of which notice was not given by the original plea or answer, unless at the time of filing such amended plea or answer containing the new matter he shall attach an affidavit that at the time of filing the original plea or answer he did not omit the new facts or defense set out in the amended plea or answer for the purpose of delay, and that the amendment is not now offered for delay, or unless in the discretion of the court the circumstances of the case or substantial justice between the parties require that such amendment be allowed without attaching such affidavit." Contrary to the act of 1897 (Ga. L. 1897, p. 35) as now embodied in this section of the code, under the previous act of 1895 (Ga. L. 1895, p. 45), a defendant was not permitted to set up new facts by way of defense after the time for answer had expired, unless such amendment was accompanied by his affidavit that he had no knowledge of the new facts set forth by the amendment at the time of filing his original answer. The act of 1897, however, now constituting section 5640 of the Civil Code, quoted above, repealed this inhibition, and merely provides that, after the time for answer has expired, an amendment setting up new facts by.way of defense must be accompanied by an affidavit of the defendant to the effect that, at the time of filing the original plea or answer, he did not omit the new facts set out in the amended plea for the purpose of delay, and that the same is not now offered for delay. Accordingly, in the instant case, where the defendant, a married woman, in a suit on a note originally pleaded that the note was given in payment of a debt due the plaintiff by the husband, this did not preclude her from subsequently amending her plea by showing that she had actually paid a named amount on the same particular note, for which no credit had been given, the amendment being accompanied by the affidavit now provided for by section 5640 of the Civil Code.

2. The amendment having been allowed subject to demurrer, but erroneously stricken on the hearing as to its propriety, all sub-

sequent proceedings were nugatory, and the verdict in favor of the plaintiff must be set aside.

*Judgment reversed. Stephens and Sutton, JJ., concur.*