24066. AMERICAN NATIONAL INSURANCE CO. *v.* HOLBERT.

DECIDED FEBRUARY 8, 1935.

*Foley & Chappell,* for plaintiff in error.
*John D. Odum, George C. Palmer,* contra.

JENKINS, P. J. 1. While there is evidence that some five months prior to the time the policy sued on was issued, the insured had been treated for what was diagnosed as cirrhosis of the liver, and while there is evidence that some three months after the issuance of the policy he was again treated for what was diagnosed as the same disease, and that some nine months after the issuance of the policy he died from what was diagnosed as this disease, the evidence is in conflict as to whether the complaint from which he suffered before the policy was issued was permanent and incurable; and since there is undisputed evidence that at the time the policy was issued the insured was in perfect health, and did hard manual labor every day in a barrel mill, and there was no indication from his appearance or actions that there was anything wrong with him,

this court is without authority to say as a matter of law that at the time the policy was issued the insured was not in sound health within the meaning of the provision in the policy that "no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is . . in sound health." There being no question in this case as to fraudulent misrepresentations, the court therefore did not err in overruling the insurance company's motion for a new trial on the ground that the verdict was without evidence to support it. See *Smith* v. *National Life & Accident Ins. Co.*, 45 *Ga. App.* 766 (165 S. E. 913); *National Life & Accident Ins. Co.* v. *Carter*, 46 *Ga. App.* 1 (166 S. E. 247); *Bankers Health & Life Ins. Co.* v. *Brown*, 49 *Ga. App.* 294 (175 S. E. 387).

2. There being no evidence of any frivolous or unfounded refusal by the defendant to pay the plaintiff, and the question of liability being a close one under the law and facts, the defendant was reasonably entitled to have the matter adjudicated without being subject to the charge of bad faith. The award of attorney's fees as a penalty under the Civil Code (1910), § 2549 (Code of 1933, § 56-706), was therefore unauthorized. If the plaintiff, when the remittitur from this court is made the judgment of the trial court, will write off from the judgment the amount of such fees, the judgment for the plaintiff will be affirmed, otherwise it is reversed.

*Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*