### 29163.   COASTAL NEWS COMPANY *v.* JACKSONVILLE PAPER COMPANY.

DECIDED NOVEMBER 28, 1941.

*Emanuel Kronstadt,* for plaintiff in error.
*Lovett, Morris & Hitch, Malberry Smith Jr.,* contra.

FELTON, J.   The Jacksonville Paper Company, trading as the Atlantic Paper Company, sued the Coastal News Company on open

account. The Coastal News Company filed a general denial, and on the trial contended that the goods for the price. of which the suit was filed had not been bought by the news company, but by another corporation having the same president, and on the further ground that the news company had no authority under its charter either to buy the goods for itself or to lend its credit to another corporation. The jury found for the plaintiff for the amount .which was agreed on by the parties as the correct amount of the account, and the defendant filed its motion for new trial based on the regular grounds and added two more grounds by amendment. The special grounds complain of the failure of the judge to direct a verdict for the defendant and of a portion of the charge to the jury to the effect that the news company had power and authority under its charter to purchase the goods in question.

1. There is no merit in the assignment of error that the judge refused to direct a verdict for the defendant. *Goode* v. *Powell,* 22 *Ga. App.* 239 (95 S. E. 738); *Reeves* v. *Daniel,* 143 *Ga.* 569 (85 S. E. 756); *Cunningham* v. *Waters,* 142 *Ga.* 115 (82 S. E. 518).

2. The charter of the Coastal News Company provides among other things: "Said corporation desires the right to act as agents, general or special, and to buy and sell . . news-stand and/or soda-fount supplies of all kinds, and any and all other similar or kindred lines, . . and the right to buy, hold, sell and deal in real estate and personal property." The goods in question consisted of small cellophane bags. In view of this provision in the charter it was not error for the court to charge the jury that the corporation had authority to buy the goods sued for.

3. On the trial the defendant sought to prove that although the goods were charged to the defendant, they were actually bought by another corporation, and that the charging of the goods to the defendant would amount to the defendant lending its credit to another corporation, which it had no charter right to do. In the brief of counsel for the defendant it is admitted that the jury was authorized to find that the goods were bought by the defendant. Since this is admitted, there is no merit in the general grounds of the motion for new trial. The court did not err in overruling the motion.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*