## ALBERGOTTI v. EQUITABLE LIFE AS-SUR. SOC. OF THE UNITED STATES.

### No. 147.

District Court, S. D. Georgia,
Augusta Division.

Dec. 18, 1942.

---

Curry & Curry, of Augusta, Ga., for plaintiff.

Cumming, Harper & Nixon, of Augusta, Ga., for defendant.

LOVETT, District Judge.

The motion for new trial in this case complains that the verdict is without evidence to support it and particularly that the allowance of attorneys' fees by the jury for bad faith under Georgia Code, § 56-706, is unauthorized.

Plaintiff's action is based upon a policy of life insurance issued by defendant to her husband, of which she was the designated beneficiary, containing provisions for double indemnity for death resulting "solely from bodily injuries caused directly, exclusively and independently of all other causes by external, violent and purely accidental means". By the policy's terms liability was excluded if death came as the result of, or was caused directly or indirectly by, any violation of law by the insured. The single indemnity was paid; the suit was for the additional indemnity for accidental death and for the statutory damages and attorney's fees under the Georgia statute which may be allowed by a jury "provided it is made to appear to the jury trying the case that the refusal of the company to pay * * * was in bad faith". The jury found the additional indemnity to be due, and allowed attorney's fees but not the statutory penalty of 25% of the liability.

The insured was killed as the result of driving his automobile into an electric power or light pole in the city of Augusta, Georgia. The day before his injury he had been drinking. He was almost, if not quite, a chronic alcoholic. His widow, the plaintiff, when first interviewed by representatives of the insurance company after insured's death disclaimed any intention of claiming the double indemnity. Later, she changed her mind. She was reluctant to permit examination of hospital records showing treatment her husband received for alcoholism and objected when first requested to exhuming his body and having an autopsy. Learning that the policy allowed an autopsy the objections were withdrawn. Upon an inquest held by the coroner, the jury found the insured came to his death from injuries received while he was driving his car under the influence of an intoxicant, which in Georgia is a violation of law. Georgia Code, § 68-307. There was evidence also tending to show violations by the insured at the time of his injury of certain traffic ordinances of the city regulating speed of motor vehicles and forbidding intoxicated persons driving them on the streets of the city.

Defendant's principal urge is that no bad faith being shown, the jury's verdict allowing attorney's fees should be set aside. I agree. Refusal of an insurance company "in bad faith" to pay means in Georgia a frivolous and unfounded denial of liability. If there is any reasonable ground for contesting the claim, there is no bad faith. Though ordinarily these are questions for the jury, if there is no evidence of such frivolous or unfounded refusal to pay, or if the question of liability is a close one, the court for the furtherance of justice should see to it that a verdict which illegally carries a penalty for bad faith is not allowed to stand. Rule 59(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Where upon the trial the evidence is in conflict on the issue of liability and would authorize a verdict either way, the finding of a jury of bad faith is not justified. See Cotton States Life Ins. Co. v. Edwards, 74 Ga. 220; Travelers' Ins. Co. v. Sheppard, 85 Ga. 751, 12 S.E. 18; Southern Ins. Co. v. Ray, 40 Ga.App. 262, 149 S.E. 304; American Nat'l Ins. Co. v. Holbert, 50 Ga.App. 527, 179 S.E. 219; Life & Casualty Ins. Co. v. Blackburn, 59 Ga.App. 479, 490, 1 S.E.2d 450; New York Life Ins. Co. v. Ittner, 64 Ga.App. 806, 819, 14 S.E.2d 203.

There was evidence in the case from which the jury might have found the insured was violating the law at the time he was fatally injured. The soundness and strength of the pole which was struck by insured's automobile and broken off clean even with the ground, the opinions of some of the witnesses that these facts indicated the automobile was exceeding the speed limits fixed by law, the nature and severity of the insured's injuries, together with the fact that some of the doctors and nurses who saw the insured in the hospital after the injury smelled a strong odor of whiskey about him, though not requiring might have au-

thorized the jury to find the issue of liability for the defendant. Certainly, it seems to me these facts were enough to excuse the defendant from a penalty for asking that a court settle the issue. I can not see how the defense properly can be characterized as frivolous, unfounded or pretensive, and that is the test of bad faith.

■ But the plaintiff says the demand by the insurance company for an autopsy some sixty days after insured died alone is sufficient evidence of bad faith, as the demand was clearly an effort to entrap the plaintiff into a refusal to allow it and thereby bar a recovery by her; and she says this is fortified by the admission now made that an autopsy would have revealed nothing of benefit to the defendant. The insured was killed on May 31st. In July following (the plaintiff says on July 22nd, witnesses for defendant fix the time as early in July) a courteous request was made of the plaintiff for permission to make an autopsy. She objected at that time but, according to her testimony, withdrew the objection on being advised of a clause in the policy permitting it. The representative of the insurance company testified he explained the policy provision in this respect when he first interviewed plaintiff. No autopsy was ever made. In the light of the limited knowledge the insurance company then had as to the causes of death (it has much more information now) I can not see how it could be found these facts alone constituted bad faith or were an effort to entrap. Perhaps an autopsy could have been made without the permission of the plaintiff. That to avail itself of its privileges it did more than the policy or the law required through a desire to be considerate of the widow's feelings or for other proper reasons ought not to subject it to a penalty.

The general grounds of the motion for new trial, viz., that the verdict for the additional indemnity was without evidence authorizing it, was contrary to the evidence and to the law, and against the weight of the evidence, are without merit and are overruled; so much of the verdict, however, as allowed attorney's fees as damages or a penalty for bad faith is set aside. The judgment on the verdict should be amended accordingly.

Let counsel confer, prepare and present an appropriate order to make this opinion effective.