31082. PEARL ASSURANCE CO. LTD. *v.* NICHOLS.

DECIDED JANUARY 31, 1946. REHEARING DENIED FEBRUARY 8, 1946.

*Smith, Partridge, Field & Doremus,* for plaintiff in error.
*George & John W. Westmoreland,* contra.

PARKER, J. This is an action brought by Charles D. Nichols against Pearl Assurance Co., Ltd., on a fire insurance policy in the sum of $3000. The case was tried and resulted in a verdict for the plaintiff for the face amount of the policy and $750 damages and $750 attorneys' fees. A motion for new trial filed by the insurance company was overruled, and the exception here is to that judgment. Another case between the same parties arising

out of the same fire, but based on a different contract, has been before this court. See *Nichols* v. *Pearl Assurance Co.*, 71 *Ga. App.* 378 (31 S. E. 2d, 127).

■ The assignment of error that the judge refused to direct a verdict for the defendant is without merit. Although the trial court may direct the jury to find for the party entitled thereto, under the circumstances stated in the Code, § 110-104, it is never error to refuse to direct a verdict. *Roper Wholesale Grocery Co.* v. *Faver,* 8 *Ga. App.* 178 (68 S. E. 883); *Dundee Woolen Mills* v. *Edison,* 17 *Ga. App.* 245(2) (86 S. E. 414); *Heller* v. *Samuel Silver Inc.,* 30 *Ga. App.* 488(7) (118 S. E. 449); *Sovereign Camp W. O. W.* v. *Batchelor,* 52 *Ga. App.* 262 (183 S. E. 131); *Coastal News Co.* v. *Jacksonville Paper Co.,* 66 *Ga. App.* 228 (17 S. E. 2d, 760).

■ The motion for new trial complains of the introduction in evidence of a letter written by the plaintiff to the attorneys for the defendant. The objections to the letter were that it was immaterial and irrelevant, and was secondary evidence, being a carbon copy, and was merely a self-serving declaration on the part of the plaintiff. The objection that the latter was immaterial and irrelevant, without more, was insufficient. *McBride* v. *Johns,* 73 *Ga. App.* 444 (2) (36 S. E. 2d, 822). The objection to the letter as being secondary evidence was not good, as it appeared that it was a duplicate carbon copy of the original and was made by the same stroke of the typewriter. *Hannifin* v. *Wolpert,* 56 *Ga. App.* 466(2) (193 S. E. 81); *Newmans* v. *State,* 65 *Ga. App.* 288, 289 (16 S. E. 2d, 87). But it is contended that the letter had a harmful and prejudicial bearing against the defendant on two important issues in the case, *viz.,* (1) whether or not the plaintiff had complied with the demands of the defendant as to examinations under oath and subscribing the same, and (2) whether or not the defendant was in the exercise of good faith in contesting its liability under the policy.

The question whether the insured had complied with the demands of the insurer as to preliminary examinations under oath, and subscribing the same, as provided under the terms of the policy, was fully covered by other testimony in the case admitted without objection. The insured testified on oral examination in court substantially to the same contentions asserted by him in the

letter. The record of the two examinations of the plaintiff prior to the filing of the suit were introduced in evidence by the defendant, and they show, in effect, the plaintiff's contentions respecting such examinations as stated in the letter which was introduced in evidence. For these reasons we do not think that the first alleged harmful and prejudicial effect of the self-serving declarations in the letter shows any error. The second contention, that the letter was harmful and prejudicial to the defendant because of its bearing on the question whether or not the defendant was in the exercise of good faith in contesting its liability, is also without merit. Our holding herein that the verdict for damages and attorneys' fees was not supported by the evidence removes any harmful effect of the letter relating to the good faith of the defendant.

■ Several grounds of the motion assign error on the refusal of the court to give certain charges as requested by the defendant. Neither of these assignments shows error. Whether or not the plaintiff was justified in refusing to subscribe the transcript of the questions propounded and the answers as made by him on the first examination, and in refusing to answer further questions on the second examination, under all the facts of this case and the ruling of this court in *Nichols* v. *Pearl Assurance Co.*, supra, were questions for decision by the jury. The charges requested by the plaintiff in error and refused by the court were not in accord with the ruling of this court heretofore made in this case, and the trial court did not err in refusing them.

■ Complaint is made in one ground of the motion of a number of excerpts from the charge, set out in several different paragraphs, all of which relate to damages and attorneys' fees which may be recovered in an action against an insurance company acting in bad faith in refusing to pay a loss sustained by a policy holder. The exceptions to the charges complained of are not material and will not be considered because the damages and attorneys' fees included in this verdict were not authorized by the evidence, and we are affirming the case with direction that they be written off.

■ The final complaint is that the verdict was excessive in including damages and attorneys' fees in addition to the face amount of the policy. The Code, § 56-706, states that insurance com-

panies, refusing to pay a loss within 60 days after a demand shall have been made by the policy holder, shall be liable on the policy, in addition to the loss, for not more than 25 percent on the liability for said loss, and also all reasonable attorneys' fees for the prosecution of the case, provided "it shall be made to appear to the jury trying the case that the refusal of the company to pay said loss was in bad faith." The burden was on the plaintiff of showing bad faith on the part of the defendant. "'Bad faith' in refusing to pay the claim within 60 days after demand is a fact to be proved in order to recover this penalty and attorney's fees." *North British &c. Ins. Co.* v. *Parnell,* 53 *Ga. App.* 178, 182 (185 S. E. 122). "Refusal of an insurance company 'in bad faith' to pay means in Georgia a frivolous and unfounded denial of liability. If there is any reasonable ground for contesting the claim, there is no bad faith. Though ordinarily these are questions for the jury, if there is no evidence of such frivolous or unfounded refusal to pay, or if the question of liability is a close one, the court for the furtherance of justice should see to it that a verdict which illegally carries a penalty for bad faith is not allowed to stand." *Albergotti* v. *Equitable Life Assurance Soc.,* 48 Fed. Supp. 290, 291. See also *Cotton States Life Ins. Co.* v. *Edwards,* 74 *Ga.* 220(4); *Travelers Ins. Co.* v. *Sheppard,* 85 *Ga.* 751(4) (12 S. E. 18); *Southern Ins. Co.* v. *Ray,* 40 *Ga. App.* 262 (149 S. E. 304); *American Nat. Ins. Co.* v. *Holbert,* 50 *Ga. App.* 527 (179 S. E. 219); *Life & Casualty Ins. Co.* v. *Blackburn,* 59 *Ga. App.* 479, 490 (1 S. E. 2d, 450); *New York Life Ins. Co.* v. *Ittner,* 64 *Ga. App.* 806, 819 (14 S. E. 2d, 203). A careful review and consideration of the evidence forces us to the conclusion that it was not sufficient to show bad faith on the part of the defendant and to sustain the verdict for damages and attorneys' fees. We think, however, that the evidence did authorize a verdict for the face amount of the policy. There being no other reversible error in the case, the judgment of the trial court overruling the defendant's motion for new trial is affirmed with direction that the $750 damages and $750 attorneys' fees be written off of the verdict and judgment; otherwise the judgment is reversed, and a new trial granted.

*Judgment affirmed, with direction. Sutton, P. J., concurs, and Felton, J., concurs in the judgment.*

ON MOTION TO TAX COSTS.

PARKER, J. The judgment of the trial court overruling the motion for new trial in this case was affirmed, with direction that the $750 damages and $750 attorneys' fees be written off of the verdict and judgment. Motion has been made by the plaintiff in error that this court tax the costs for bringing the case to this court upon the defendant in error, upon the ground that there has been a substantial modification of the judgment of the court below.

Under the rulings in *National-Ben Franklin Fire Ins. Co.* v. *Darby,* 48 *Ga. App.* 394 (172 S. E. 819), and the cases therein cited, it is ordered by the court that the costs of bringing this case to this court be taxed against the defendant in error.

*Sutton, P. J., and Felton, J., concur.*