33565. NAUMAN *v.* McCOY.

132

DECIDED JUNE 12, 1951.

134

*Charles W. Bergman,* for plaintiff.

*Lindsay, Dorsey & Hill,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.)   The plaintiff contends that, by not excepting to the order sustaining her demurrers to the answer and plea of rescission, the defendant allowed this ruling to become the law of the case. The defendant concedes, by brief of counsel, that this is true, but insists that, as the answer contained enough to amend by, he was entitled to file an amendment setting up a new and distinct

plea. Deleting the portion of the answer thus stricken, there remain paragraphs admitting the jurisdiction of the court and execution of the contract, and also an allegation that the payments made were in excess of the contract requirements. Under Code § 81-1302 this constituted enough to amend by and since the order sustaining the demurrers to the first plea, whether considered as special or general, went only to the question of whether the plea of rescission was good in law, we think the defendant was entitled to his amendment. Nor was the amendment filed too late. See, in this regard, *Woodruff Mfg. Machinery Co.* v. *Griffin,* 17 *Ga. App.* 529 (87 S. E. 808); *Wynn* v. *Wynn,* 109 *Ga.* 255 (34 S. E. 341); *Williams* v. *Hays,* 47 *Ga. App.* 97 (169 S. E. 704); *Richardson* v. *Hairried,* 202 *Ga.* 610, 614 (44 S. E. 2d, 237). That the defendant may set up new matter by amendment after the time allowed for answer has expired is specifically provided for by our Code § 81-1302, supra.

Nor was the amendment objectionable on the ground that the same matter had already been stricken by the court, for the reason that, although certain allegations of fact were common to both pleas, the amendment constituted a new defense of accord and satisfaction, as one element of which it set up as a consideration for the accord a bona fide dispute between the parties, an agreement, and an execution of that agreement. See, in this regard, *City Electric Railway Co.* v. *Floyd County,* 115 *Ga.* 655 (42 S. E. 45); *Armour Fertilizer Works* v. *Wynn Mercantile Co.,* 40 *Ga. App.* 842 (151 S. E. 671); *Gledhill* v. *Brown,* 44 *Ga. App.* 670, 673 (162 S. E. 824); Code, §§ 20-1201, 20-1205. The agreement as alleged was to accept an amount less than that claimed to be due; it was executed, the consideration therefor being the settlement of a dispute as to whether the defendant owed any amount of money at all to the plaintiff after her marriage to another. In an accord and satisfaction of a disputed claim it is not the merit of the contentions of either party which determines its validity to support such accord and satisfaction, the controlling factor being the bona fides of the debtor's contention, which as a general rule is a question of fact for the jury. See *Riley & Co.* v. *London Guaranty & Accident Co.,* 27 *Ga. App.* 686 (109 S. E. 676). The trial court did not err in overruling the demurrer to the plea of accord and satisfaction as amended.

■ There are ten special grounds in the amended motion for a new trial. Special grounds 1, 2 and 3 all involve the admission in evidence over objection of the statement of the defendant that "it certainly wasn't my intention to pay you alimony if you were to be married." Ground 1 contends that such statement was inadmissible as attempting to vary by parol the terms of an unambiguous contract; ground 2 contends that, in admitting this statement the judge erred in giving the following instruction to the jury: "He has got a right to go into the whole conversation. He is leading up to I suppose to where she agreed to a certain consideration"; ground 3 complains because, on renewed objection, the judge stated: "I overrule the objection. Let him go on and state the whole conversation."

As we view the whole case, the issue before the jury was whether there had been an accord and satisfaction of a disputed claim under the contract to pay alimony, and this in no way involved the question whether the alimony contract was or was not ambiguous in its terms nor indeed what the legal effect of the plaintiff's marriage might be. The defendant was not attempting to interpret the alimony contract; at the point where the statement objected to was made he was testifying to his conversation with the defendant which brought on the dispute later settled between the parties. How else except by his testimony as to the contents of this conversation could he establish his plea in evidence? Thus understood in their context, grounds 1 and 3 are clearly without merit. The statement complained of in ground 2, though given in the presence of the jury, was not an instruction or expression of opinion on the part of the trial court but was merely an explanation to objecting counsel as to the reason for the court's ruling that the testimony was admissible. Ground 2 shows no error.

Grounds 4, 5 and 6 complain of the refusal to charge certain written requests, grounds 4 and 5 being statements of substantive law as to installment payments of alimony after remarriage of a divorced wife and as to what had been the "manifest intent" of the parties in making the original alimony contract. These were not adjusted to any issue before the jury and the refusal to charge on this subject was not error. The request in ground five was as follows: "Conversely, no burden in this

case rests upon the plaintiff to disprove any of the essentials of a valid accord and satisfaction," following a statement that the burden was on the defendant to sustain his plea by a preponderance of the evidence. It is never error to refuse to charge as requested when a portion of such request does not state an accurate principle of law. If the defendant carried the burden which the court correctly charged was upon him to establish his affirmative defense, the plaintiff, in order to win her case, would certainly have the burden of rebutting this evidence. The quoted portion of the charge requested was ambiguous and confusing, and the refusal to charge it was not error.

Grounds 7, 8, 9 and 10 consist of exceptions to sentences (and in some cases, mere portions of sentences) contained in the charge in which the trial court set out certain contentions of the defendant. The contentions were fairly stated and were supported by evidence. Statement of the contentions of a party to a cause, under these circumstances, is never error, nor were such statements misleading as tending to cause the jury to believe that the court was charging either the law of the case or his opinion as to the effect of the evidence, rather than the contentions of the parties.

■ In consideration of the general grounds of the motion for a new trial, there is some evidence, although in conflict with other evidence, to have authorized the jury to find in favor of every material allegation set forth in the defendant's plea of accord and satisfaction.

The trial court did not err in overruling the demurrer to this plea and in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*