### 20853. MATTHEWS *v.* SPRAYBERRY *et al.*

CANDLER, Justice. William T. Matthews filed a suit against Annie Sprayberry and Edith Long, as executrices of the estate of R. L. Sprayberry. So far as need be stated, his petition alleges: He and his wife moved to the home place or that of R. L. Sprayberry, his uncle, about 1945 as tenants. About two months after moving there, his uncle (R. L. Sprayberry) stated to him that he could live on the property rent-free if he and his wife "would look after" him and his wife "until they both died and then the entire homeplace would be left to petitioner." He accepted the offer, and he and his wife fully complied with its terms. During the four years immediately preceding the death of R. L. Sprayberry and his wife, he rendered them specified personal services, the reasonable value of which is $10,007.85. His uncle left a will, which the defendants have probated and which bequeathed to him a life estate in a described part of his home place. The item of the will making such bequest recites that it was "in consideration of the many deeds of kindness and much labor which he [the

legatee] has done for me and my wife, for which he was not paid." He accepted the property so bequeathed to him, has possession of it, and the life interest he has in it is reasonably worth $1,178.28, which should be deducted from the value of the aforementioned personal services, leaving a balance due him of $8,829.57 for which he prays for a judgment against the defendants as such legal representatives of R. L. Sprayberry's estate. His petition also alleges that the estate of his uncle, the deceased testator, consists only of real estate (his home place), the value of which is less than the amount due him for such personal services; and, in addition to his prayer for a money judgment, he prayed that the defendants be enjoined from selling or encumbering decedent's property and from assenting to the devise of it to the legatees named in his will. The petition was dismissed on general demurrer, and the plaintiff excepted. *Held:*

"Accord and satisfaction is where the parties, by subsequent agreement, have satisfied the former one, and the latter agreement has been executed . . ." Code § 20-1201. All claims and demands, whether liquidated or unliquidated, disputed or undisputed, may furnish the subject matter of an agreement in accord and satisfaction, provided such agreement, like all other express or implied contracts, is supported by a consideration. *Rivers* v. *Cole Corporation,* 209 *Ga.* 406 (73 S. E. 2d 196); *Riley* v. *London Guaranty & Accident Co.,* 27 *Ga. App.* 686 (1) (109 S. E. 676); *Heller* v. *Samuel Silver, Inc.,* 30 *Ga. App.* 488 (2) (118 S. E. 449). In the present case, the petition affirmatively shows that the petitioner's debtor bequeathed to him a life estate in certain realty in consideration of the personal services which the latter rendered the former and his wife during their lifetime; that the property so bequeathed to him had a value of $1,178.28; that he accepted the property so bequeathed to him; and that he has retained it and now has possession of it under the terms of his debtor's will. These allegations show accord and satisfaction of the claim or demand declared on; and since they do, the petition stated no cause of action against the defendants as the legal representatives of the testator's estate, and was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur.*

Submitted April 12, 1960—Decided May 5, 1960.

*T. Emory Daniel, Jr., R. Winston Harvey, Jr.*, for plaintiff in error.

*Noah J. Stone*, contra.