## 43767. GEORGIA MARBLE COMPANY v. JUDD.

WHITMAN, Judge. In this case the Georgia Marble Co. sued H. M. Judd seeking to recover the purchase price of stone sold and delivered on various dates between September 15, 1960, and April 19, 1961. The defendant denied the plaintiff's allegations and by way of further plea and answer set forth: (1) that the plaintiff's recovery in a prior action was a bar to the instant action, and (2) that there had been an accord and satisfaction entered into between the plaintiff and the defendant with respect to the amount claimed.

A trial was had and a verdict was returned in favor of the defendant.

The appeal is from an order denying a motion by the plaintiff for a new trial and the same is enumerated as error. Also enumerated as error are the denials of plaintiff's motions for directed verdict and judgment n.o.v., denial of a motion for a mistrial, and certain portions of the trial court's charge to the jury to which timely exceptions were made.

The plaintiff's action was on an account in the amount of $1,399.79. The plaintiff's treasurer testified that the amount claimed was due and unpaid and various invoices supporting the claim were identified and introduced into evidence, the originals of which had been duly sent to the defendant.

The defendant did not testify but, through his counsel, admitted receiving and using the stone which was the basis of the claim. There was no issue presented as to the value or quality of the stone.

In support of his defense of accord and satisfaction the defendant put into evidence a copy of a letter dated June 9, 1961,

from defendant to plaintiff, along with a canceled check of even date therewith.

In support of his defense that a recovery by the plaintiff in a prior action was a bar, the defendant introduced into evidence a certified copy of proceedings of the Civil Court of Fulton County, in the case of the Georgia Marble Company against the defendant and Continental Casualty Company, principal and surety, respectively, on a statutory payment bond issued to the State Highway Department of Georgia, for the benefit of persons supplying labor, materials, machinery and equipment incident to the construction of a state highway known as Project S-1007. These proceedings included a copy of a verdict and judgment in favor of the plaintiff against both defendants for the purchase price of stone sold and delivered by the plaintiff to defendant and used in the construction of Project S-1007 for which the plaintiff had not received payment. *Held:*

1. The letter of June 9, 1961, enclosing the canceled check introduced by defendant as showing an accord and satisfaction of the amount claimed reads in pertinent part as follows:

"You will note I enclose check for $919.71. This leaves a balance of $1,399.79 on my account with you. . . I believe you understand this amount is definitely not due until we reach an agreement on Project No. S-1007 (1), and the terms of the agreement have been satisfactorily carried out. Therefore, this sum is to be carried by you until no later than 20 December, 1961, under terms of the agreement I enclose. Thus, with this check, material furnished to date for this project is paid in full, including sales tax. Frankly, I think you should carry 10% of this project also, since the original idea was to consider the two jobs as one. However, you have carried this some time, and I will not make an issue of the matter."

We do not view this evidence as constituting an accord and satisfaction. "An accord and satisfaction arises where parties, by subsequent agreement, have satisfied the former one, and the latter agreement has been executed." *Burgamy v. Holton*, 165 Ga. 384 (3) (141 SE 42); *Code* § 20-1201. For a tender by a debtor of a sum of money of a lesser amount that owed to amount to an accord and satisfaction it must be made and accepted upon the condition, express or implied, that it satisfies the entire debt. *American Asso. Companies*

*v. Vaughan,* 213 Ga. 119, 120 (1) (97 SE2d 144). "When a creditor receives and retains a sum of money from his debtor less than the amount actually due him with the understanding, either express or implied, that it is received by him in satisfaction of his claim or demand, he cannot thereafter treat it as a nullity and recover the balance, and this is so whether his claim or demand be disputed or undisputed, liquidated or unliquidated. . ." *Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196).

The defendant's letter, by its language, can not be understood as imparting any understanding that plaintiff would be accepting $919.71 as full payment of the debt. Rather its effect is to convert the account into an *account stated* of $1,399.79 with an understanding that the balance would be carried until 20 December, 1961. Furthermore, there was no evidence that the agreed balance was paid on, before or after 20 December, 1961.

2. The defendant's contention with regard to the prior proceedings in the Civil Court of Fulton County that, inasmuch as plaintiff carried a running account in the name of the defendant as to the balance he owed when the plaintiff sued defendant in the civil court for that portion of the balance associated with State Highway Department Project S-1007, it was in effect a division of the account into two distinct sums. And under the holding of *Johnson v. Klassett,* 9 Ga. App. 733 (72 SE 174), if an indivisible running account is divided into separate parts, a recovery upon one part will ordinarily be a bar to a subsequent action for any items of the account not included within the first suit. This was also the holding in *Thompson v. McDonald,* 84 Ga. 5 (10 SE 448). The purpose of the rule is to minimize litigation and prevent harrassment and the rule is sound. However, we do not believe it applicable to the case at bar for two reasons. First, the account was divisible as the amount sued on in the civil court was identifiable and related only to stone sold to the defendant under a separate written agreement between the plaintiff and the defendant, a copy of which was in evidence. See *Jones v. Bartlett,* 93 Ga. App. 738 (92 SE2d 729). Second, the suit in the civil court was an action on a payment bond for Project S-1007, the terms of which provided that Judd and the surety were "jointly and severally" liable to the obligees thereof. This action was of necessity limited to the debt arising out of Project S-1007.

3. The plaintiff having proved the debt and the defendant having admitted it, and, further, the defenses discussed above involving no question of fact for jury determination, a verdict was demanded for the plaintiff. Accordingly, it was error to deny the plaintiff's motion for a judgment notwithstanding the verdict.

The judgment is reversed with direction that a judgment be entered for the plaintiff for $1,399.79 plus interest.

*Judgment reversed with direction. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JULY 1, 1968—DECIDED DECEMBER 2, 1968.

*Pittman & Kinney, L. Hugh Kemp, Hansell, Post, Brandon & Dorsey, C. Edward Hansell,* for appellant.

*McCamy, Minor, Vining & Phillips, Carlton McCamy,* for appellee.