## 54035. WARNER ROBINS SUPPLY COMPANY, INC. v. MALONE et al.

BIRDSONG, Judge.
Appellant, Warner Robins Supply Co., Inc., plaintiff below, brings this appeal from the grant of summary

judgment in favor of appellees, Malone and Burke, defendants below.

This is a suit on two promissory notes amounting to $26,394.42 plus interest, costs and attorney fees. The facts show that Malone was engaged in business and had an open account with the appellant Supply Co. In order to protect the indebtedness, the Supply Co. required Malone to substitute the two promissory notes for the amount of the open account. While the evidence on this point is in dispute, the appellee Burke signed the two notes either as a co-maker or as a guarantor or surety. These notes were executed in February, 1971. There is evidence that at the time of execution, Burke had no proprietary interest in the running of the business even though he received a salary as payment for his signature on the notes as the guarantor of the debts.

In October, 1972, Malone sold the businesses involved to Burke. Malone offered evidence that he believed Burke assumed the sole responsibility for the two notes. Burke denied such assumption. Malone continued to do business with the Supply Co. but involving other enterprises. In April, 1973, Malone desired to settle his account with the Supply Co. He prepared a document and presented it to the cashier of the Supply Co. That document contained the following language: "To whom it may concern: This is to verify that as of this date, April 30, 1973, with the receipt of B.L.M. Construction check 305 and Major Line Products, Inc. check no. 301, that Bobby Malone has personally business and other wise paid Warner Robins Supply Co. in full." At the time this release was signed by the Supply Co.'s cashier, the two promissory notes were still in the files of the Supply Co. and remained unpaid. The cashier acknowledged he knew of the notes but admitted he had forgotten about them. In June, 1975, the Supply Co. brought the present suit against both Malone and Burke on the two notes. Malone defended on the basis of an accord and satisfaction and Burke on the ground that inasmuch as the principal on the note, Malone, had been released by the accord and satisfaction, his (Burke's) liability had been affected and he therefore was likewise discharged. In defense of the motions for summary judgment filed by both Malone and

Burke, the Supply Co. maintained that the document executed by its cashier was no more than a receipt which allowed parol evidence to explain the document. The Supply Co. offered evidence by affidavit and interrogatories indicating that it was never the intent of the cashier to release the two promissory notes but that the release extended only to Malone's other enterprises. Malone offered evidence that he intended to close out all his indebtedness. Both Malone and Burke contended that the receipt is in point of law an accord and satisfaction and, as such, was a contract plain and unambiguous on its face not subject to explanation by parol evidence. The trial court after a hearing and argument granted summary judgments to Malone and Burke. This appeal followed complaining of the rulings of the trial judge. *Held:*

We reverse. Appellees contend that when a party makes an offer of a certain sum to settle a claim, the amount of which is in bona fide dispute, with the condition that the sum offered, if taken at all, must be received in full satisfaction of the claim, and the party receives the money, he takes it subject to the condition attached to it, and it will operate as an accord and satisfaction. *Riley & Co. v. London Guaranty &c. Co.,* 27 Ga. App. 686 (109 SE 676) (1921) and cits. This is true also where the creditor, without the practice of any fraud upon it, accepts, in full satisfaction of the debt owed it, a lesser amount than that which it claims is due. *Interstate Life &c. Co. v. Wilson,* 52 Ga. App. 171 (183 SE 672) (1935); *Pan-American Life Ins. Co. v. Carter,* 57 Ga. App. 294 (2) (195 SE 326) (1938). Finally, they contended that a party is not entitled to relief against the gross and inexcusable negligence of signing his name to a plain and unambiguous written instrument, when no fraud, artifice or misrepresentation was employed to induce him to sign it, *and when there is nothing to show that it did not embody the identical agreement which the other party actually intended to make. Holton Dodge, Inc. v. Baird,* 118 Ga. App. 316, 318 (163 SE2d 346) (1968).

We agree that the above contentions state correct principles of law. We do not agree that those principles have complete application to the facts of this case. It is

apparent from the facts before the trial judge that Malone was not seeking a compromise and settlement of the two promissory notes which he and Burke had signed two years earlier. He took the position that Burke had assumed all obligations of the corporate business, including the two promissory notes, when Burke bought the business from Malone. If Malone did not believe that he was indebted upon the two notes, he could not have been seeking to compromise or settle those notes. What is presented by this case is not a case of unilateral mistake by the Supply Co. but a matter of mutual mistake by both parties. It appears that the release sought by Malone was in fact obtained to the extent that he sought release. Within contemplation of the parties, Malone was in fact given a receipt for payment in full for that which he sought, i.e., all the indebtedness that he acknowledged as owing to the Supply Co. Thus there was no substitution of a new agreement for an old one concerning a disputed debt, nor was there an intent to compromise the disputed debt by the payment of a lesser amount. With the evidence in its present posture, it is a jury question as to whether the parties entered into an accord and satisfaction.

Assuming arguendo that the document in question was a contract rather than a simple receipt, we are nevertheless satisfied that parol evidence was admissible to explain its content. If the document were a contract, parol evidence would still be admissible to explain the scope of its subject matter. Where there is a mutual mistake as to the facts, the intention of the parties is to be ascertained on the assumption that the facts were as supposed. Parrish v. Rosebud Mining &c. Co., 71 P 694 (5) (Cal. 1903), affd. 140 Cal. 635 (74 P 312) (1903). The surrounding circumstances must be considered as of the time the contract is made and not in the light of subsequent events. Wiegand v. W. Bingham Co., 106 F2d 546 (6th Cir. 1939), cert. den. 308 U. S. 627 (60 SC 386, 84 LE 523) (1940). See Johnson v. U. S. Fidelity &c. Co., 93 Ga. App. 336, 341 (91 SE2d 779) (1956). Thus, even if we were to consider this to be an accord and satisfaction, we would still apply the appropriate rules of construction thereto. An accord and satisfaction is itself a contract and requires a meeting of the minds in order to render it valid

and binding. *Pa. Threshermen &c. Ins. Co. v. Hill,* 113 Ga. App. 283, 293 (148 SE2d 83) (1966). If (as it probably was) the document was a simple receipt, it is well settled that a receipt is not conclusive but may be rebutted by evidence that an additional indebtedness was left out, excluded or ignored by accident, mistake, design or for other reason. *Dodd v. Mayson,* 39 Ga. 605, 608 (1869). Thus, under whatever guise we consider the release, evidence was admissible to determine the true intention of the parties.

The cardinal rule of the summary procedure is that the court can neither resolve the facts nor reconcile the issues, but only look to ascertain if there is an issue. *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179) (1961). The party moving for summary judgment had the burden of showing the absence of a genuine issue of material fact and if the trial court is presented with a choice of inferences to be drawn from the facts, all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. United States v. Diebold, Inc., 369 U. S. 654, 655 (82 SC 993, 8 LE2d 176) (1962); *Lewis v. C. & S. Nat. Bank,* 139 Ga. App. 855, 860 (229 SE2d 765) (1976). In this case there was a substantial and material issue of fact as to the meaning and intent of the parties in the preparation and execution of the receipt or release. Accordingly, the trial judge erred in granting appellees' summary judgment.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JUNE 6, 1977 — DECIDED SEPTEMBER 8, 1977 — REHEARINGS DENIED SEPTEMBER 29, 1977 —

*Michael J. Long,* for appellant.
*Cowart, Varner & Harrington, Roy N. Cowart, Pamela M. Richards, R. Avon Buice,* for appellees.