## 57168. WOODSTOCK ROAD INVESTMENT PROPERTIES v. LACY.

BANKE, Presiding Judge.

Woodstock Road Investment Properties, a limited partnership, hereinafter referred to as "Woodstock," purchased some 114 acres of land from J. B. Lacy, plaintiff below, in August 1972. The purchase involved the execution of a promissory note, and a security deed to secure the note.

Annual interest payments were provided for until 1982, after which the balance was to be paid in five equal annual installments of principal and interest. Woodstock complied with the terms of the note for the years 1973 through 1976.

On or about August 9, 1977, Woodstock's principals met with Lacy to inform him that the partnership was having difficulty coming up with the annual interest payment. Another meeting between the parties took place on September 9. The contentions of the parties concerning what took place at this latter meeting and its legal significance are in dispute in this lawsuit. A Mr. Raymer, a Woodstock partner, states in his deposition that he informed Lacy that the partnership would not be able to pay its 1977 interest payment. Further, he testified that he had prepared a warranty deed transferring the property back to Mr. Lacy, which he showed to him; that he told Lacy he would record the deed for him and pay all costs of recording it; that he told Lacy he would pay all back taxes on the land; and that he agreed to make arrangements for, and give to Mr. Lacy an owner's title insurance policy. Mr. Lacy's deposition, though somewhat equivocal in its tenor, is contradictory of the above on pertinent points.

Woodstock appeals from summary judgment granted on plaintiff's motion below. *Held:*

1. Woodstock's first enumeration of error revolves around its contention that there was a factual issue concerning accord and satisfaction. An accord and satisfaction is an agreement between two parties to give and accept something in satisfaction of a right of action which one has against the other, which when performed is

a bar to all actions on this account. *Alfred Struck Co. v. Slicer,* 23 Ga. App. 52 (97 SE 455) (1918). An accord and satisfaction is created when the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract. Code Ann. § 20-1201. An accord and satisfaction is itself a contract and requires a meeting of the minds in order to render it valid and binding. *Pa. &c. Cas. Ins. Co. v. Hill,* 113 Ga. App. 283 (148 SE2d 83) (1966). As a general rule, whether there is accord and satisfaction is a question for the jury. *Nauman v. McCoy,* 84 Ga. App. 131 (65 SE2d 853) (1951).

The cardinal rule of the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but only look to ascertain if there is a material issue of fact. *Warner Robins Supply Co. v. Malone,* 143 Ga. App. 332 (238 SE2d 709) (1977); *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736 (123 SE2d 179) (1961). The evidence in this case is in conflict, and thus the trial court erred in granting summary judgment for Mr. Lacy.

2. The promissory note contained a provision as follows: "Should any installment not be paid when due . . . the entire unpaid principal sum evidenced by the note, with all accrued interest, shall, at the option of the holder, and with thirty (30) days' written notice to cure any default to the undersigned, become due and may be collected forthwith, time being of the essence of this contract." No notice to cure in writing was ever given. The authority relied upon by the trial court in ruling that there was sufficient notice to allow the acceleration to occur and to give judgment on the accelerated amount does not support him. In *Lee v. O'Quinn,* 184 Ga. 44 (190 SE 564) (1937), written notice was not a provision called for in the note sued upon. In this case, the opposite is true. The trial court's grant of summary judgment to Lacy was also error for this reason.

*Judgment reversed. Underwood and Carley, JJ.,*

*concur.*

ARGUED JANUARY 4, 1979 — DECIDED APRIL 13, 1979.

*Hansell, Post, Brandon & Dorsey, Gary W. Hatch, Phillip S. Coe,* for appellant.
*George W. Carreker,* for appellee.