69269. FEDERAL INSURANCE COMPANY et al. v. PAULK.
(325 SE2d 886)

BIRDSONG, Presiding Judge.

This is an appeal from a jury verdict in favor of Jimmy Paulk. The suit was by an apartment complex and its insurer for damages to Paulk's apartment by a fire which Paulk admitted he caused by leaving a pan of grease on a hot stove while he went to the market. The parties agreed that the damages were $1,243.40 less the $250 insurance deductible which Paulk had already voluntarily paid the apartment complex.

At trial, Paulk pro se testified in his own defense: ". . . the only reason I'm up here is because I don't think that I owe this $900.00. I honestly don't think it's right. The man that owns the apartment has a policy, $250.00 deductible, to cover fire insurance. And I thought it was right to pay him that $250.00 because I didn't think it ought to cost him any money because it was my fault. But, my contention and the reason that I'm here is this. They have an insurance policy that covers these buildings. I can't buy fire insurance on another man's building. They take from me each month $255.00. Part of that $255.00 goes directly to the insurance company to protect us. I feel like I paid the insurance bill even though it's not my check that gets

there. I pay the man and he pays the insurance and then he pays some for maintenance and all. Then he's got a fair profit in there. But, some of the money that he charges me with goes to pay insurance. Now, I can't afford — Jimmy Paulk can't afford to insure a whole complex of apartment buildings.

"Let's just say — and this could have happened. If I hadn't got back in the house quite as quick as I did, it could have caught that apartment on fire and went upstairs and the one next door and went through the building. And the flames could have even leaked over to another building. There's millions of dollars worth of damage. And I don't have a million dollars. I can't afford that. That's why we go to an insurance company. I didn't have a fire insurance on that house personally because I'm not allowed to have it. They insured that. They took the risk. And I don't think that it was negligence. It was just an accident that could happen to anybody like it happened to those two people that were talking about it on the jury. It happened to them. It happens, a grease fire. It's not unusual. I hated it. When I walked back in the apartment after I put out the little fire, I cried. I hated it. He asked me did I apologize for it. Yes, sir, I apologizes. I was sorry as heck.

"See, I just can't assume — I'd have to live in a pup tent if the fire insurance people don't cover a building because I don't have that kind of money to do it with. It could run into millions, not just $900.00. That's where they step in and they've got all these millions of dollars and they write that thing and they take the risk. They bet that it's not going to happen. Well, it did happen. I'm sorry it happened and it happened to me. And I, honest to God, don't think that I owe that bill. That's the reason I ain't paid it. If twelve of you say I owe it, then I reckon I'm wrong. But, I sure as heck hope that y'all don't say that. That's all I've got to say. And that's the reason I didn't hire a lawyer. He would have probably wanted $900.00 to come with me, so what would I be saving. And I don't think he can tell anything that happened any better than I can. I could just tell it to him and he could tell it to you. So, I just preferred to tell it myself and appeal to you to do what's right. And I think that the insurance company is liable because they take the money every month for taking that liability. They sure accept that check. Thank you."

The appellants moved for a directed verdict as to liability, but the trial court refused it on grounds that Paulk's payment of the $250 deductible and acceptance by the apartment complex might constitute a jury question as to accord and satisfaction. The jury was charged simply: "[Mr. Paulk has] told everything that the jury needs to know about this. And with his testimony and stipulation, you have all the evidence bringing it down to one figure, $993.40. One simple question for you to answer is who suffered that loss? Must the plain-

tiff suffer it or the defendant? Now, the defendant has told you that after the damage was done and after he discovered that there was a loss and the plaintiff, Henry County Enterprises, has a deductible of $250.00 he went to them and offered to pay that and did pay it, he says. And there's been nothing to refute that. In fact, the plaintiff admits that. And so there is no other evidence of what else happened at that time. . . . It's just for you to decide from your common sense who must suffer this loss." The jury returned a verdict for Paulk. Appellants urge error on the refusal to grant directed verdict. *Held*:

The right of subrogation is an equitable one and well established in this state (see *Vigilant Ins. Co. v. Bowman*, 128 Ga. App. 872, 874 (198 SE2d 346); *Norwich Union Fire Ins. Society v. Bainbridge Grocery Co.*, 16 Ga. App. 432, 434-435 (85 SE 622)), Mr. Paulk's acutely persuasive remarks notwithstanding. Paulk's payment of the $250 deductible and acceptance by the apartment complex did not constitute accord and satisfaction, because it did not furnish a new consideration for a discharge of Paulk's liability. There was no evidence that Paulk paid the $250, and the apartment complex accepted it, as an express agreement to settle the debt and there was then no bona fide dispute between the parties as to payment for the fire damage. *Wood v. Wood*, 239 Ga. 120 (236 SE2d 68); *Matthews v. Sprayberry*, 216 Ga. 40 (114 SE2d 516); *Burgamy v. Holton*, 165 Ga. 384 (141 SE 42); *Woodstock Rd. Investment Properties v. Lacy*, 149 Ga. App. 593 (254 SE2d 910); *Clark Equip. Credit Corp. v. Refrigerated Transp. Co.*, 148 Ga. App. 405 (251 SE2d 321); *Pierson v. Herrington*, 138 Ga. App. 463 (226 SE2d 299); *Ga. Marble Co. v. Judd*, 118 Ga. App. 733 (165 SE2d 453); *Nauman v. McCoy*, 84 Ga. App. 131 (65 SE2d 853). See also OCGA § 13-4-103. The only question in this case was whether Paulk was liable for his negligence, and as to this, there is no conflict as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands the entry of the directed verdict establishing that he was so liable. OCGA § 9-11-50 (a).

*Judgment reversed. Carley and Beasley, JJ., concur.*

DECIDED JANUARY 10, 1985.

*Ronald W. Parnell*, for appellants.
James R. Paulk, *pro se*.