75421. CITY NATIONAL SERVICE CORPORATION v. TRIZEC WESTERN, INC.
(362 SE2d 102)

DEEN, Presiding Judge.

City National Service Corporation appeals from the grant of summary judgment in favor of Trizec Western, Inc. The parties entered into a lease agreement for a five-year period commencing September 1, 1980, and ending August 31, 1985. On August 5, 1985, Trizec Western filed suit against City National, alleging that it had failed and refused to pay rent from December 1, 1984, through June 1, 1985, and sought to recover the rent for that period plus accrued interest and attorney fees. City National answered, admitted the lease agreement and denied that it owed Trizec Western anything under the lease. It claimed that there was a subsequent agreement which constituted an accord and satisfaction of all claims against it. Appellee moved for summary judgment, relying upon the lease and an affidavit of its Credit and Collections Administrator which verified its

claim that City National had refused to pay the rent due and owing under the lease.

Appellant responded to the motion for summary judgment with the affidavit of City National's attorney, which stated that he spoke with certain named persons at Trizec Western and it was orally agreed that, because of financial problems being experienced by his client, the lease could be terminated and City National would move out of the premises, and that Trizec Western's building manager allowed the company to use the building elevator to vacate the premises.

The trial court found that the parties had entered into a lease agreement, that City National had failed to pay the rent due and owing under the lease, and that the affidavit of City National's attorney contained no evidence of consideration to support its defense of accord and satisfaction. *Held*:

"An accord and satisfaction is created when the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract . . . An accord and satisfaction is itself a contract and requires a meeting of the minds in order to render it valid and binding . . . As a general rule, whether there is an accord and satisfaction is a question for the jury." *Woodstock Rd. Investment Properties v. Lacy*, 149 Ga. App. 593, 594 (254 SE2d 910) (1979). In ruling on a motion for summary judgment the court cannot resolve the fact, but it must determine if there is a material issue of fact requiring jury resolution. *Bagley v. Firestone Tire &c. Co.*, 104 Ga. App. 736 (123 SE2d 179) (1961). As there was no evidence to support an accord and satisfaction as set forth in *Woodstock Rd. &c. Properties v. Lacy*, supra, the court below did not err in granting summary judgment in favor of appellee.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 5, 1987 —
REHEARING DENIED OCTOBER 16, 1987.

*Lewis N. Jones*, for appellant.
*Stanley E. Kreimer, Jr.*, for appellee.